T.C. Summary Opinion 2004-81


UNITED STATES TAX COURT


SHARON M. RIVERA AND RICHARD C. RIVERA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4731-03S.               Filed June 23, 2004.


Sharon M. and Richard C. Rivera, pro sese.

<u>Charlotte Mitchell</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard under the
provisions of section 7463 of the Internal Revenue Code as in
effect at the time the petition was filed.  Unless otherwise
indicated, all other section references are to the Internal
Revenue Code in effect for the years at issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

Respondent determined deficiencies in petitioners' Federal income taxes of $4,018 for 1999 and $4,130 for 2000. The Court must decide whether petitioners are entitled to deduct losses on Schedule E, Supplemental Income and Loss, for either year. Respondent's adjustments to petitioners' itemized deductions are computational and will be determined by the Court's resolution of the Schedule E loss issue.

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioners resided in Newark, California.

## Background

During the years here involved, petitioner Richard C. Rivera was employed as an electrician, and petitioner Sharon M. Rivera was employed as a "personnel technician".

Around 1989 or 1990, petitioners purchased improved real property in Truckee, California, for about $80,000. As of the date of trial it was worth between $160,000 and $170,000. In the early 1990s, after a year or so of ownership, petitioners rented their property through a vacation property management company under short-term leases for the winter or for ski season. This caused a lot of wear and tear on the property, and they had "so much trouble" from the renters. Petitioners received numerous complaints there were "extra people living at the property", and

petitioners had trouble getting some of the renters out of their property.

Starting around 1994, after the short-term lessees were removed, petitioners began entering into longer term leases with multiple occupants without using the vacation property management companies. But even the longer term renters caused a lot of "trouble", including leaving mattresses outdoors in the carport, and building a skate ramp in the back of the property in contravention of the homeowners' association rules. Petitioners eventually decided that they were "only going to rent to people that we knew, or were acquaintances, or people we worked with."

During 1999 and 2000, petitioners relied on word of mouth advertising at work to obtain renters. Petitioners' books and records for their rental activity consisted of calendars, logs of their mileage driven, retained utility and insurance bills, and bills for association dues. During 1999, petitioners rented the property in Truckee for 25-1/2 days and stayed there themselves for 8 days. During 2000, petitioners rented the property for 23 days and stayed there for 8 days. Petitioners reported rents received of $1,400 for 1999 and $1,500 for 2000, and Schedule E losses of $19,322 for 1999 and $19,336 for 2000.

## Discussion

Because petitioners did not comply with the requirements of section 7491(a), section 7491 is inapplicable here.

Tax Year 1999

Section 280A, Disallowance of Certain Expenses in Connection With Business Use of Home, Rental of Vacation Homes, etc., limits otherwise allowable deductions by individuals with respect to a dwelling unit that is used by the taxpayer during the year as a "residence". The provision does not apply to deductions for amounts allowable without regard to the taxpayer's income producing activity, such as interest and taxes. Sec. 280A(b).

A taxpayer uses a dwelling as a "residence" if his personal use exceeds the greater of 14 days or 10 percent of the days it is rented at fair rental value during the year. Sec. 280A(d)(1). Petitioners used the Tahoe property themselves for 8 days during 1999. They rented the property for 25-1/2 days for total gross rentals of $1,400, or an average of $54.90 per day. The parties stipulated evidence indicating that the minimum daily fair rental value of the property was $65 per day. Every day that a dwelling unit is rented at less than fair rental value is deemed used by the taxpayer for "personal purposes". Sec. 280A(d)(2)(C). Petitioners' personal use of the property in 1999 was 33-1/2 days. Sec. 280A(d)(2)(A), (C).

Because petitioners' gross income was less than their deductions for mortgage interest and taxes, petitioners must carryover their other deductions to the following tax year, and they are only deductible up to the amount of income generated by the property.  Sec. 280A(c)(5).[1]

Tax Year 2000

During 2000, petitioners used their property for 8 days and rented it for 23 days for gross rentals of $1,500, or an average of $65.21 per day.  Because petitioners rented the property for fair rental value during the year, their personal use did not exceed the greater of 14 days or 10 percent of the days it was rented at fair rental value during the year.  Sec. 280A(d)(1). Petitioners' deductions are not limited under section 280A(a) for 2000 because their property was not used as a "residence" during the year.  Sec. 280A(a), (d)(1).  Section 280A is not, however, the only obstacle between petitioners and their claimed deductions.

Section 183(a) generally provides that if an activity engaged in by an individual is not entered into for profit, no deduction attributable to the activity shall be allowed, except as otherwise provided in section 183(b).  An "activity not engaged in for profit" means any activity other than one for

---

[1]Because sec. 280A(a) applies, sec. 183 does not.  Sec. 280A(f)(3).

which deductions are allowable under section 162 or under paragraph (1) or (2) of section 212. Sec. 183(c).

Deductions are allowed under section 162 for the ordinary and necessary expenses of carrying on an activity that constitutes the taxpayer's trade or business. Deductions are allowed under section 212(1) and (2) for expenses paid or incurred in connection with an activity engaged in for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. With respect to either section, however, the taxpayer must demonstrate a profit objective for the activity in order to deduct associated expenses. See Jasionowski v. Commissioner, 66 T.C. 312, 320-322 (1976); sec. 1.183-2(a), Income Tax Regs. The profit standards applicable to section 212 are the same as those used in section 162. See Agro Science Co. v. Commissioner, 934 F.2d 573, 576 (5th Cir. 1991), affg. T.C. Memo. 1989-687; Antonides v. Commissioner, 893 F.2d 656, 659 (4th Cir. 1990), affg. 91 T.C. 686 (1988); Allen v. Commissioner, 72 T.C. 28, 33 (1979); Rand v. Commissioner, 34 T.C. 1146, 1149 (1960).

Whether the required profit objective exists is to be determined on the basis of all the facts and circumstances of each case. See Hirsch v. Commissioner, 315 F.2d 731, 737 (9th Cir. 1963), affg. T.C. Memo. 1961-256; Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d

170 (9th Cir. 1981); sec. 1.183-2(a), Income Tax Regs.  While a reasonable expectation of profit is not required, the taxpayer's objective of making a profit must be bona fide.  See Elliott v. Commissioner, 84 T.C. 227, 236 (1985), affd. without published opinion 782 F.2d 1027 (3d Cir. 1986).  In making this factual determination, the Court gives greater weight to objective factors than to a taxpayer's mere statement of intent.  See Indep. Elec. Supply, Inc. v. Commissioner, 781 F.2d 724 (9th Cir. 1986), affg. Lahr v. Commissioner, T.C. Memo. 1984-472; Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs.

Section 1.183-2(b), Income Tax Regs., sets forth nine nonexclusive factors that should be considered in determining whether a taxpayer is engaged in a venture with a profit objective.  They include:  (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that the assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profits that are earned; (8) the financial status of the taxpayer; and

(9) whether elements of personal pleasure or recreation are involved.

No single factor is controlling, and the Court does not reach its decision by merely counting the factors that support each party's position. See Dunn v. Commissioner, 70 T.C. 715, 720 (1978), affd. 615 F.2d 578 (2d Cir. 1980); sec. 1.183-2(b), Income Tax Regs. Rather, the relevant facts and circumstances of the case are determinative. See Golanty v. Commissioner, supra at 426.

After considering all the factors, the Court disagrees, in part, with respondent's position that petitioners did not have an actual and honest objective of making a profit from their Truckee real estate.

Petitioner, Sharon Rivera, testified that the property was rented at a small profit during the first few years of ownership. After a series of destructive tenants, however, petitioners became reluctant to rent the property to the general public. For the years before the Court, petitioners did not maintain businesslike books and records of rental activity, and there was not much time spent in carrying on the activity. Furthermore, it appears from the record that the property was rented for less than its fair rental value for the days it was rented, only to family and friends, in 1999. The Court agrees with respondent

that petitioners had abandoned holding the property for profit from rentals during the years at issue.

The term "profit", however, encompasses the appreciation in the value of the assets used in the activity. Sec. 1.183-2(b)(4), Income Tax Regs. The term "income" as it is used in section 212 "is not confined to recurring income" but may also apply to gains from the disposition of property. Sec. 1.212-1(b), Income Tax Regs. The term "income" means not merely income of the taxable year but includes income the taxpayer "may realize in subsequent taxable years". Id.

When the returns at issue were filed, petitioners had held their property in Truckee, located near the Lake Tahoe ski and vacation area, for 9 or 10 years. Petitioners' personal use of the property in 2000 was de minimis. The Court also credits the testimony of petitioner, Sharon Rivera, that she and her husband purchased the property with the expectation that it would increase in value and that it had, in fact, substantially increased in value while they owned it.

The Court finds that petitioners held the property in Truckee primarily for investment purposes and are therefore

entitled to deduct expenses under section 212(2).[2]  See <u>Mitchell</u> <u>v. Commissioner</u>, 47 T.C. 120, 128 (1966); <u>Thomason v.</u> <u>Commissioner</u>, T.C. Memo. 1997-480; sec. 1.212-1(b), Income Tax Regs.

The Court concludes from the record that petitioners' activities with respect to the property for 2000 were of two separate types, a rental activity and an investment activity. "If the taxpayer engages in two or more separate activities, deductions and income from each separate activity are not aggregated either in determining whether a particular activity is engaged in for profit or in applying section 183."  Sec. 1.183-1(d)(1), Income Tax Regs.

Because petitioners' property was used for more than one activity, one of which was not for profit, petitioners must allocate deductions relating to the property on a reasonable basis.  Sec. 1.183-1(d)(2), Income Tax Regs.  Because petitioners' mortgage interest and real estate taxes are specifically allowable as deductions under sections 163 and 164(a) without regard to the use of the property for profit, no allocation between the activities is necessary.  Sec. 1.183-1(d)(3), Income Tax Regs.

---

[2] The deductions would appear to give petitioners a passive activity loss.  See sec. 469(c)(1), (6)(B).  Petitioners, however, are treated as "materially participating" in the investment activity under test two of sec. 1.469-5T(a), Temporary Income Tax Regs., 53 Fed. Reg. 5725 (Feb. 25, 1988).

Amounts for homeowners' dues, insurance, repairs, and depreciation are amounts allocable to both of petitioners' activities. Since petitioners rented or personally used the property for about 1 month each year and held the property for investment the rest of the year, 11/12 of the above amounts are allocable to petitioners' investment activity. All other amounts, including auto and travel (to clean after rentals), cleaning and maintenance, supplies, utilities, "amortization", and amounts for furnishings, are allocable solely to petitioners' not-for-profit rental and personal activity.

Section 183(b)(1) permits a deduction for expenses that are otherwise deductible without regard to whether the activity is engaged in for profit, such as mortgage interest and personal property taxes. Section 183(b)(2) permits a deduction for expenses that would be deductible only if the activity were engaged in for profit, but only to the extent that the gross income derived from the activity exceeds the deductions allowed by section 183(b)(1). Because petitioners' gross income derived from the rental activity does not exceed the section 183(b)(1) expenses, section 183(b)(2) does not permit a deduction for expenses that would be deductible only if the rental activity were engaged in for profit. Items that are allocable to petitioners' personal use are also not deductible. Sec. 262.

The Court sustains respondent's determination to the extent that petitioners may not deduct expenses allocable to their rental and personal use of the Truckee property.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be

entered under Rule 155.