**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES RAYMOND WHEELER,

　　　　Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

　　　　Respondent-Appellee.

No. 07-9005

---

**APPEAL FROM THE UNITED STATES TAX COURT**
**(T.C. No. 15720-05)**

---

Submitted on the briefs:[*]

Charles Raymond Wheeler, Pro Se.

Richard T. Morrison, Acting Assistant Attorney General, Richard Farber, Teresa
T. Milton, Attorneys, Tax Division, Department of Justice, Washington, D.C.,
for Respondent-Appellee.

---

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

[*]　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Petitioner-appellant Charles Raymond Wheeler, appearing pro se, appeals from an "order and decision" of the United States Tax Court that assessed a $3,854 deficiency in his income tax for tax year 2003, assessed an addition to tax of $765.45 for failing to file a return for tax year 2003, and ordered him to pay a $1,500 penalty for pursuing frivolous and groundless arguments and for maintaining the Tax Court proceedings primarily for delay. Respondent-appellee Commissioner of Internal Revenue (Commissioner) has filed in this court a motion for sanctions in the amount of $8,000, arguing that this appeal is also frivolous. Mr. Wheeler has filed a response in opposition to the Commissioner's motion for sanctions.

Having thoroughly reviewed the parties' arguments and the record, we agree that the appeal is frivolous, affirm the decision of the Tax Court, and deny the Commissioner's motion for sanctions.

I

Mr. Wheeler failed to file an income tax return for tax year 2003 and did not make any payments of estimated tax for that year. The Commissioner issued a notice of deficiency asserting that Mr. Wheeler received taxable income during 2003 and was liable for income tax in the amount of $9,054.70, plus penalties. *See* R., Doc. 1, Ex. A at 1, 3.

Mr. Wheeler filed a petition in the Tax Court for a redetermination of the deficiency. Among numerous unintelligible arguments, he also argued that he was not required to file a tax return because the 1040 tax form violates the Paperwork Reduction Act and that the notice of deficiency was invalid because it did not set forth the statutes under which the taxes were due.

Mr. Wheeler offered no evidence at trial. The Commissioner, however, volunteered some concessions concerning Mr. Wheeler's tax status, tax deductions, and other adjustments that reduced the amount of taxes due, and introduced into evidence his revised calculations of Mr. Wheeler's tax obligations. Mr. Wheeler agreed to these concessions. The Tax Court explained at length to Mr. Wheeler that his legal arguments were frivolous and that she would take into account his long history of not filing tax returns. He persisted in his position that the notice of deficiency underlying this case was not valid.

The Tax Court subsequently issued an order and decision finding that Mr. Wheeler was liable for income tax of $3,854 for tax year 2003 and an addition to tax of $765.45 for failing to file a tax return for tax year 2003. R., Doc. 17. The court further ordered Mr. Wheeler to pay a penalty of $1,500. *Id.* The court thoroughly explained in a separate opinion why Mr. Wheeler's arguments were contrary to law and without merit. *See generally* R., Doc. 12 (Tax Court's Dec. 6, 2006 Opinion). The court concluded that Mr. Wheeler's petition was filed "primarily for delay" and his positions were "frivolous and

groundless." *Id.* at 23. The court held that although Mr. Wheeler prevailed with respect to two of the Commissioner's asserted additions to tax, "his success is not attributable to any meaningful effort on his part. Rather, his limited success in this case is the result of [the Commissioner's] failure to satisfy his burden of production . . . regarding [these two] additions to tax." *Id.* at 22.

II

On appeal, Mr. Wheeler again argues that the notice of deficiency "contained no statutory cite identifying a specific tax for which the Appellant was due and owing to the United States Treasury [and, as a result,] the Appellant was denied the ability to controvert the imposition of a tax." Aplt. Br. at 3. He also asserts that the Commissioner's notice of deficiency lacked evidentiary support. In his reply brief, Mr. Wheeler argues that he does not raise his issues for purposes of delay or frivolity and that the notice of deficiency violated the Paperwork Reduction Act.

"We review tax court decisions 'in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury.'" *Kurzet v. Comm'r*, 222 F.3d 830, 833 (10th Cir. 2000) (quoting 26 U.S.C. § 7482(a)(1)). "We review the Tax Court's factual findings under the clearly erroneous standard and review its legal conclusions de novo." *Id.*

We hold that the arguments Mr. Wheeler raised in his opening brief are frivolous for the reasons stated by the Tax Court. In addition, issues raised by an appellant for the first time on appeal in a reply brief are generally deemed waived, and we will not consider the arguments Mr. Wheeler raised for the first time in his reply brief. *See Hill v. Kemp*, 478 F.3d 1236, 1250 (10th Cir. 2007), *cert. denied*, 76 U.S.L.W. 3094 (No. 07-297), 76 U.S.L.W. 3212 (No. 07-488) (U.S. Jan. 7, 2008).

## III

Because we are affirming the Tax Court's decision, we have discretion to award the Commissioner "just damages for his delay, and single or double costs." 28 U.S.C. § 1912; *see Casper v. Comm'r*, 805 F.2d 902, 906 (10th Cir. 1986).[1] And because this appeal is frivolous, we have discretion to require Mr. Wheeler to pay "a penalty" to the Commissioner, *see* 26 U.S.C. § 7482(c)(4), and we may award the Commissioner "just damages and single or double costs," Fed. R. App. P. 38; *see Casper*, 805 F.2d at 906. This court also "has the inherent power to impose sanctions to regulate the docket, promote judicial efficiency and to deter frivolous filings." *Casper*, 805 F.2d at 906. The fact

---

[1]    All active circuit judges agree that to the extent *Casper v. Commissioner*, 805 F.2d 902, 906 (10th Cir. 1986), purports to require a $1,500 sanction for a frivolous appeal from a Tax Court decision, it is overruled.

that Mr. Wheeler is appearing pro se does not insulate him from the imposition of sanctions.  *See id.*

Although the Commissioner filed a separate motion for sanctions in accordance with Rule 38, we are unpersuaded that he has adequate factual support for the $8,000 lump sum he requests under any of the authorities upon which he relies.  Therefore, the motion is denied.

The Tax Court's decision is AFFIRMED.  The Commissioner's motion for sanctions is DENIED.