T.C. Memo. 2008-168


UNITED STATES TAX COURT



MICHAEL T. HAWKINS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket Nos. 9859-05, 15327-05.    Filed July 14, 2008.



        P failed to file Federal income tax returns for
2002 and 2003.  R determined deficiencies and additions
to tax pursuant to sec. 6651(a)(1) and (2), I.R.C., for
P's 2002 and 2003 tax years and pursuant to sec.
6654(a), I.R.C., for P's 2003 tax year.

        Held:  P is liable for the deficiencies and
additions to tax as determined by R.  P is also liable
for a penalty under sec. 6673(a)(1), I.R.C., because
his position in these cases is frivolous.



Michael T. Hawkins, pro se.

Paul K. Voelker, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  These consolidated cases are before the Court on petitions for redetermination of statutory notices of deficiency for petitioner's 2002 and 2003 tax years.[1]  The issues for decision are:

(1) Whether the Court has jurisdiction to decide these cases;

(2) whether $15,387 paid to petitioner in 2002 as wages is includable in petitioner's 2002 taxable income;

(3) whether $33,928 in nonemployee compensation, $5,754 in gambling winnings, and $100 in "other income" are includable in petitioner's 2003 taxable income;

(4) whether petitioner is liable for additions to tax under section 6651(a)(1)and (2)[2] for his 2002 and 2003 tax years and under section 6654(a) for his 2003 tax year; and

(5) whether the Court should impose a penalty on petitioner under section 6673(a)(1).[3]

---

[1]In addition, on Jan. 10, 2008, petitioner filed a motion to dismiss both cases for lack of jurisdiction.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]At trial respondent made an oral motion to impose a penalty under sec. 6673.

FINDINGS OF FACT

At the time he filed his petitions, petitioner resided in Nevada. Petitioner failed to file Federal income tax returns for his 2002 and 2003 tax years. In December 2004 and April 2005 respondent prepared section 6020(b) returns for petitioner's 2002 and 2003 tax years, respectively.[4] On February 22 and June 21, 2005, respondent issued petitioner notices of deficiency for his 2002 and 2003 tax years, respectively. With respect to petitioner's 2002 tax year, respondent determined a deficiency of $851 and an addition to tax under section 6651(a)(1) of $276.58.[5] With respect to petitioner's 2003 tax year, respondent determined a deficiency of $8,998 and additions to tax under section 6651(a)(1) and (2) of $2,024.55 and $494.89,respectively, together with an addition to tax under section 6654(a) of $232.18. Petitioner then filed timely petitions with this Court, and a trial was held on November 5, 2007, in Reno, Nevada.

---

[4]Those sec. 6020(b) returns consisted of: (1) Individual Master File Tax Modules reflecting petitioner's account in the Internal Revenue Service's computer system; (2) Forms 4549, Income Tax Examination Changes; (3) Forms 886-A, Explanation of Items; and (4) Forms 13496, IRC Section 6020(b) Certification.

[5]The explanatory form sent to petitioner along with the notice of deficiency reveals that the $276.58 was actually comprised of a $191.48 addition to tax under sec. 6651(a)(1) and an $85.10 addition to tax under sec. 6651(a)(2).

OPINION

I.   <u>Petitioner's Motion To Dismiss for Lack of Jurisdiction</u>

In his motion to dismiss filed with the Court after the trial on January 10, 2008, petitioner proclaims unabashedly that he "**did not and shall not file an income tax return**."  (Emphasis in original).  He argues that the section 6211(a), which defines a deficiency, should be read in conjunction with section 6020(b) and that respondent was required to but did not prepare substitute returns.  He also argues that "The account of Michael T. Hawkins was closed for the income tax year of 2002 on July 4, 2005, and the account was closed for the year 2003 on September 19, 2005."

Petitioner is wrong in all relevant respects.  Nothing in section 6020(b), section 6211(a), or the Internal Revenue Code as a whole suggests that those two sections should be read together. If a taxpayer fails to file a return, the Commissioner can determine a deficiency without first preparing a substitute return under section 6020(b).  See <u>Roat v. Commissioner</u>, 847 F.2d 1379, 1382 (9th Cir. 1988) ("A rule requiring the Commissioner to prepare a return first would create an administrative burden for no good reason.").  Moreover, respondent did in fact prepare section 6020(b) returns for petitioner's 2002 and 2003 tax years. Finally, petitioner's naked assertion that the Court lacks

jurisdiction because his "accounts" for 2002 and 2003 were closed is devoid of factual or legal support.

Our jurisdiction to redetermine a Federal income tax deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. See Monge v. Commissioner, 93 T.C. 22, 27 (1989). Petitioner filed timely petitions in response to valid notices of deficiency regarding his 2002 and 2003 tax years. We therefore have jurisdiction to decide these cases and shall deny petitioner's motion to dismiss for lack of jurisdiction.

## II. 2002 and 2003 Federal Income Tax Deficiencies

Section 61(a) specifies that "Except as otherwise provided", gross income includes "all income from whatever source derived". The Commissioner's determination of a taxpayer's liability for an income tax deficiency is generally presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[6]

In unreported income cases like this one, the Court of Appeals for the Ninth Circuit[7] has held that the presumption of

---

[6]Although sec. 7491(a) may shift the burden of proof to the Commissioner in specified circumstances, petitioner has fallen woefully short of satisfying the prerequisites under sec. 7491(a)(1) and (2) for such a shift.

[7]Absent stipulation to the contrary, the appropriate venue
(continued...)

correctness applies once the Commissioner introduces some substantive evidence reflecting that the taxpayer received unreported income. Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), affg. T.C. Memo. 1997-97. If the Commissioner introduces such evidence, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous. Id.

Respondent has submitted a Form 2866, Certificate of Official Record, containing a computer-generated Internal Revenue Service (IRS) "Wage and Income Transcript" which reflects that Camco, Inc., issued petitioner a Form W-2, Wage and Tax Statement, reporting that petitioner was paid $15,387 in wages, tips, and other compensation during 2002 and that no Federal income tax was withheld. This is sufficient to lay an evidentiary foundation with respect to the $15,387 in unreported wage income determined with respect to petitioner's 2002 tax year. See Hughes v. United States, 953 F.2d 531, 540 (9th Cir. 1992) ("this circuit as well as other circuits have held that official IRS documents, even if generated by a computer, are admissible as public records").

Concerning petitioner's 2003 tax year, respondent has submitted a similar Form 2866, containing a computer-generated

---

[7](...continued)
for an appeal of this decision is the Court of Appeals for the Ninth Circuit. See Sec. 7482(b)(1)(A), (2).

IRS "Wage and Income Transcript" showing that Peppermill Casinos, Inc., filed Forms W-2G, Certain Gambling Winnings, reporting payments to petitioner of (1) $1,249, (2) $1,345, (3) 1,384, and (4) $1,776 for gross winnings in 2003 and that there was no Federal income tax withheld on any of the reported income items for 2003. The "Wage and Income Transcript" also reflects that Mortgage America, LLC, filed a Form 1099-MISC, Miscellaneous Income, reporting the payment of $33,928 in nonemployee compensation to petitioner in 2003. Finally, the "Wage and Income Transcript" reflects a Form 1099-MISC filed by GDL & Associates reporting the payment of $100 of "other income" to petitioner in 2003. This is sufficient to lay an evidentiary foundation with respect to the unreported income ($33,928 in wages, $5,754 in gambling winnings, and $100 in "other income") determined by respondent with respect to petitioner's 2003 tax year. See Hughes v. United States, supra at 540.

As a consequence, the burden is on petitioner to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous. Petitioner has not raised a reasonable dispute as to any item of income reported on the information returns and has not even attempted to submit information or evidence to counter that submitted by respondent. Instead, he resorts to tax-protester rhetoric so frivolous that it does not warrant

discussion.[8]  See <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."). We therefore sustain the deficiencies as determined by respondent for petitioner's 2002 and 2003 tax years.

III. <u>Additions to Tax</u>

Under section 7491(c) the Commissioner bears the burden of production with respect to a taxpayer's liability for penalties or additions to tax.  This means that the Commissioner "must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty."  <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).  In instances where an exception to the penalty or addition to tax is afforded upon, for example, a showing of reasonable cause or substantial authority, the taxpayer bears the burden of "[coming] forward with evidence sufficient to persuade a Court that the Commissioner's determination is incorrect."  <u>Id.</u> at 447.

Section 6651(a)(1) imposes an addition to tax of 5 percent per month or a fraction thereof up to a maximum of 25 percent for

---

[8]For example, in his brief he argues that filing a tax return is voluntary, that "1040 Forms have become illegal", and that "I am a Christian and I do not believe in personal taxation."  He also argues that he was denied a speedy trial and raises the same oft-rejected substitute-return argument that he raised in his motion to dismiss for lack of jurisdiction.

failure to file a timely return unless it is shown that such failure is due to reasonable cause and not to willful neglect. Section 6651(a)(2) imposes an addition to tax of 0.5 percent per month up to a maximum of 25 percent for failure to pay the amount of tax shown on a return. The two penalties combined, however, may not exceed 5 percent per month. See sec. 6651(c). Where, as here, both additions to tax are determined this is accomplished by reducing the section 6651(a)(1) addition to tax from 5 percent per month to 4.5 percent per month.

Section 6654(a) imposes an addition to tax for underpayment of estimated income tax by an individual taxpayer. That addition to tax is computed by reference to four required installment payments of the taxpayer's estimated tax liability, each constituting 25 percent of the "required annual payment." Sec. 6654(c)(1), (d)(1)(A). For taxpayers whose adjusted gross income for the preceding year was $150,000 or less, the "required annual payment" is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for the current year or, if no return is filed, 90 percent of his or her tax for such year, or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(B).

Respondent has satisfied his burden of production with respect to all three additions to tax. With respect to the

section 6651(a)(1) addition to tax, respondent has satisfied the burden of production because petitioner has admitted repeatedly that he failed to file Federal income tax returns for 2002 and 2003.

Respondent has satisfied the burden of production with respect to the section 6651(a)(2) addition to tax because petitioner failed to pay his 2002 and 2003 tax liabilities as shown on the section 6020(b) returns, which are treated as "filed by the taxpayer for purposes of determining the amount of the addition" under section 6651(a)(2).  Sec. 6651(g)(2); see Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).[9]

Finally, respondent has satisfied the burden of production with respect to the section 6654(a) addition to tax because petitioner failed to file a 2003 Federal income tax return and made no estimated tax payments for that tax year.  Because petitioner had taxable income and owed unpaid tax for 2003 and did not file a Federal income tax return for the preceding tax

---

[9]In Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008), the Commissioner did not introduce the sec. 6020(b) return into evidence or otherwise prove that a sec. 6020(b) return had been prepared for the year at issue.  In contrast the sec. 6020(b) returns for petitioner's 2002 and 2003 tax years were submitted together with respondent's response to petitioner's motion to dismiss.  Those returns are sufficient for purposes of the sec. 6651(a)(2) additions to tax. See Ellis v. Commissioner, T.C. Memo. 2007-207; Hennard v. Commissioner, T.C. Memo. 2005-275; see also Millsap v. Commissioner, 91 T.C. 926, 930 (1988).

year, 2002, respondent has met his burden of producing evidence that petitioner had a required annual payment of estimated tax for 2003. The Court also notes that petitioner does not fit within any of the exceptions listed in section 6654(e).[10]

Accordingly, we conclude that petitioner is liable for the section 6651(a)(1) and (2) additions to tax for his 2002 and 2003 tax years and for the section 6654(a) addition to tax for his 2003 tax year.

IV. Section 6673(a)(1) Penalty

Respondent by oral motion at trial has asked the Court to impose a penalty of $20,000 under section 6673(a)(1), $10,000 for each of the tax years at issue. Section 6673(a)(1) authorizes the Tax Court to impose a penalty not in excess of $25,000 on a taxpayer for proceedings instituted primarily for delay or in which the taxpayer's position is frivolous or groundless. "A position maintained by the taxpayer is 'frivolous' where it is 'contrary to established law and unsupported by a reasoned,

---

[10]Sec. 6654(e) provides two exceptions to the sec. 6654(a) addition to tax. First, the addition is not applicable if the tax shown on the taxpayer's return for the year in question (or, if no return is filed, the taxpayer's tax for that year), reduced for these purposes by any allowable credit for wage withholding, is less than $1,000. Sec. 6654(e)(1). Second, the addition is not applicable if the taxpayer's tax for the full 12-month preceding tax year was zero and the taxpayer was a citizen or resident of the United States. Sec. 6654(e)(2). In light of our earlier conclusion regarding petitioner's 2003 deficiency, petitioner is liable for a deficiency for 2003 that net of withholding exceeds $1,000. Further, it has not been shown that petitioner had no tax liability in 2002.

colorable argument for change in the law.'" <u>Williams v. Commissioner</u>, 114 T.C. 136, 144 (2000) (quoting <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986)).

Although we are loath to impose a frivolous filing penalty that is unwarranted, the facts and circumstances surrounding these proceedings cry out for the imposition of the penalty.

This is not petitioner's first appearance before the Court, nor is he unfamiliar with the section 6673(a)(1) penalty. In <u>Hawkins v. Commissioner</u>, T.C. Memo. 2003-181, we warned petitioner that we might impose upon him a section 6673(a)(1) penalty were he to "institute or maintain a proceeding with frivolous arguments in the future". That was not our only warning to petitioner. At trial in these cases we apprised petitioner more than once that he was advancing frivolous arguments and could be penalized up to $25,000 if he persisted in doing so. Rather than heed those warnings, petitioner continued to make frivolous arguments in his motion to dismiss for lack of jurisdiction and in his brief.[11] As a consequence, we shall impose upon him an $8,000 penalty pursuant to section 6673(a)(1).

We do not impose upon petitioner the $20,000 penalty requested by respondent primarily because we are not convinced that petitioner fully appreciates the magnitude of his actions. Rather, he appears to be influenced greatly by some very

---

[11]See <u>supra</u> note 8.

inadequate advisers, at least when it comes to matters concerning his Federal income tax obligations and litigation before this Court.

John E. Buras (Mr. Buras), a self-proclaimed "Public Minister" in the World Prayers Answered Ministry, signed the "service by mail" certificates attached to a number of petitioner's filings. Mr. Buras has been convicted under section 7203 on four counts of willfully failing to file Federal income tax returns. See United States v. Buras, 633 F.2d 1356 (9th Cir. 1980). Mr. Buras has also been penalized by this Court under section 6673(a)(1) for "instituting a frivolous and groundless petition." Buras v. Commissioner, T.C. Summary Opinion 2004-161.[12]

In addition to the involvement of Mr. Buras, a number of petitioner's frivolous pleadings, including his motion to dismiss for lack of jurisdiction and his brief, were signed by Linwood Edward Tracy, Jr. (Mr. Tracy), who proclaims himself "P.O.A Form 2848 and Counsel for and with World Prayers Answered Ministry/Embassy Pursuant to the First, Ninth, and Tenth

---

[12]In this Court's 2004 summary opinion concerning John E. Buras, the Court noted that Mr. Buras was "an evangelist and associate pastor in World's Prayers Answered Church of God" and that Mr. Buras "was convicted of willful failure to file Federal income tax returns." Buras v. Commissioner, T.C. Summ. Op. 2004-161. We assume that the "John E. Buras" whose name appears on the certificates of service in petitioner's cases is that same individual.

Amendment of the [U]nited States Constitution, 1791." Like Mr. Buras, Mr. Tracy is a "Public Minister" with World Prayers Answered Ministry. See Tracy v. United States, 243 F.R.D. 662 (D. Nev. 2007). Mr. Tracy has no discernible tax experience and is not admitted to practice before this Court. In the end, we can only hope that petitioner realizes that Mr. Buras and Mr. Tracy, both of whom lack any indicia of formal tax training or status as tax professionals, are not competent tax advisers. Their influence, if any, has been to petitioner's ultimate detriment in these cases.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Appropriate orders and

decisions will be entered.