T.C. Summary Opinion 2009-100

UNITED STATES TAX COURT

KATHERINE A. HUMES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23824-07S.               Filed July 6, 2009.

Katherine A. Humes, pro se.

<u>Richard J. Hassebrock</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in

issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $21,068 and $21,122 in petitioner's 2003 and 2004 Federal income taxes, respectively, and additions to tax under sections 6651(a)(1) and (2) and 6654(a) for each year. The issues remaining[1] for decision are whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654(a) for each year.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioner resided in Ohio.

During 2003 and 2004 petitioner was self-employed practicing medicine. For each year she received significant income and incurred deductible expenses, but she did not file Federal income

---

[1]The parties agree that petitioner: (1) Received income of $71,260 and $70,584 for 2003 and 2004, respectively; (2) is entitled to a "Schedule C" deduction for licenses of $318 for 2003; (3) is entitled to Schedule C deductions for wages of $40,623 and $25,151 for 2003 and 2004, respectively; (4) is entitled to Schedule C deductions for rent of $5,100 for each year; (5) is entitled to Schedule C deductions for insurance of $1,750 for each year; (6) is liable for self-employment tax for each year to be computed in accordance with secs. 1401 and 1402; and (7) is entitled to a self-employment tax deduction pursuant to sec. 164(f) for each year.

tax returns.[2]  Therefore, respondent prepared substitutes for returns for petitioner pursuant to section 6020(b) for 2003 and 2004 that were filed April 2, 2007.

From third-party payer reports respondent determined that petitioner received $71,260 and $70,854 in gross income for 2003 and 2004, respectively.  For 2003 respondent allowed petitioner an adjustment to income of $4,796, one personal exemption of $3,050, a standard deduction of $4,750, and a credit for withheld tax of $1,069.  For 2004 respondent allowed petitioner an adjustment to income of $4,986.50, one personal exemption of $3,100 and a standard deduction of $4,850.  Respondent determined a net tax of $19,999[3] and $21,122[4] for 2003 and 2004, respectively.  Respondent also determined additions to tax under sections 6651(a)(1) and (2) and 6654(a).

Discussion

I.  General

Initially, the Commissioner has the burden of production with respect to any penalty, addition to tax, or additional amount.  Sec. 7491(c).  The Commissioner satisfies this burden of

---

[2]On Apr. 15, 2004, petitioner applied for an extension of time to file her 2003 Federal income tax return until Aug. 15, 2004, but she did not file it.

[3]$21,068 (total tax before credits) - $1,069 (prepaid withheld tax).

[4]$21,122 (total tax before credits) - $0 (prepaid credits or withheld tax).

production by coming forward with sufficient evidence that indicates that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner satisfies this burden of production, the taxpayer must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of an applicable exception. Id.

II. Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing) unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[5]

Petitioner did not file her 2003 and 2004 Federal income tax returns. Respondent has produced sufficient evidence that petitioner is liable for the 2003 and 2004 section 6651(a)(1) additions to tax unless an exception applies. See Higbee v. Commissioner, supra at 446; Ruggeri v. Commissioner, T.C. Memo. 2008-300.

---

[5]If the Secretary makes a return for the taxpayer under sec. 6020(b), it is disregarded for purposes of determining the amount of the addition to tax under sec. 6651(a)(1), but it is treated as a return filed by the taxpayer for purposes of determining the amount of the addition to tax under sec. 6651(a)(2). Sec. 6651(g).

III.  Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on the taxpayer's return on or before the date prescribed (determined with regard to any extension of time for payment) unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[6]

Respondent submitted copies of the substitutes for returns that he prepared for petitioner, and petitioner did not pay her 2003 and 2004 income taxes as shown on the substitutes for returns by April 15, 2004 and 2005, respectively.  See Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); Hawkins v. Commissioner, T.C. Memo. 2008-168.  Respondent has produced sufficient evidence that petitioner is liable for the 2003 and 2004 section 6651(a)(2) additions to tax through April 2007 unless an exception applies.  See Higbee v. Commissioner, supra at 446; Ruggeri v. Commissioner, supra.

IV.  Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax on an underpayment of estimated income tax unless an exception applies.  See sec. 6654(e).  The addition to tax is calculated with

---

[6]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under sec. 6651(a)(1) for any month to which an addition to tax applies under both paragraphs.  Sec. 6651(c)(1).

reference to four required installment payments of the taxpayer's estimated income tax. Sec. 6654(c)(1); Wheeler v. Commissioner, supra at 210. Each required installment of estimated income tax is equal to 25 percent of the "required annual payment." Sec. 6654(d)(1)(A). The required annual payment is generally equal to the lesser of: (i) 90 percent of the tax shown on the taxpayer's return for the year (or, if no return is filed, 90 percent of the taxpayer's tax for the year); or (ii) if the taxpayer filed a return for the immediately preceding taxable year, 100 percent of the tax shown on the return. Sec. 6654(d)(1)(B); Wheeler v. Commissioner, supra at 210-211. But if the taxpayer did not file a return for the preceding year, then clause (ii) does not apply. Sec. 6654(d)(1)(B). A taxpayer has an obligation to pay estimated income taxes for a particular year only if he/she had a "required annual payment" for that year. Wheeler v. Commissioner, supra at 211.

A. Section 6654(a) Addition to Tax: 2003

Petitioner failed to file a Federal income tax return for 2003 and that is sufficient for the Court to make the analysis required by section 6654(d)(1)(B)(i). But respondent failed to introduce evidence of whether petitioner filed a return for the preceding taxable year, i.e., 2002, and if she did, the amount of tax shown on her 2002 return. Without that evidence, the Court cannot identify the amount equal to 100 percent of the tax shown

on her 2002 return.  Therefore, the Court cannot conclude that petitioner had a required annual payment for 2003 because respondent failed to produce sufficient evidence, as required by section 7491(c), to allow the Court to complete the comparison required by section 6654(d)(1)(B).  See Wheeler v. Commissioner, supra at 211-212.  Accordingly, petitioner is not liable for the 2003 section 6654(a) addition to tax.

   B.   Section 6654(a) Addition to Tax:  2004

   Petitioner failed to file Federal income tax returns for 2003 and 2004.  Consequently, her required annual payment for 2004 is limited to 90 percent of the tax for 2004, which was payable in installments under section 6654.  See sec. 6654(b), (d)(1)(B).  Petitioner did not make any estimated income tax payments for 2004.  Respondent has produced sufficient evidence that petitioner is liable for the 2004 section 6654(a) addition to tax unless an exception applies.

V.   Exceptions to the Additions to Tax

   Reasonable cause is a defense to the section 6651(a)(1) and (2) additions to tax.  Except as provided in section 6654(e)(3)(B), no reasonable cause exception exists for the section 6654(a) addition to tax.  Sec. 1.6654-1(a)(1), Income Tax Regs.; see also Bray v. Commissioner, T.C. Memo. 2008-113.  But no addition to tax is imposed under section 6654(a) with respect to any underpayment to the extent the Secretary determines that

by reason of casualty, disaster, or other unusual circumstances the imposition of the addition to tax would be against equity or good conscience. Sec. 6654(e)(3)(A). Additionally, no addition to tax is imposed under section 6654(a) with respect to any underpayment if the Secretary determines that the taxpayer retired after age 62 or became disabled[7] in either the taxable year for which estimated income tax payments were required or in the preceding taxable year and the underpayment was due to reasonable cause and not to willful neglect. Sec. 6654(e)(3)(B).

To prove reasonable cause for a failure to file timely, the taxpayer must show that he/she exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time. Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

To prove reasonable cause for a failure to pay the amount shown as tax on a return, the taxpayer must show that he/she exercised ordinary business care and prudence in providing for payment of his/her tax liability and nevertheless was either

---

[7]The term "disabled" includes a significant psychiatric disorder and mental incapacitation during the period under consideration, Shaffer v. Commissioner, T.C. Memo. 1994-618, or confinement to various hospitals for "severe mental illness", Carnahan v. Commissioner, T.C. Memo. 1994-163, affd. without published opinion 70 F.3d 637 (D.C. Cir. 1995). Jones v. Commissioner, T.C. Memo. 2006-176; see also Meyer v. Commissioner, T.C. Memo. 2003-12 (taxpayer's severe health problems and mental condition incapacitated him; thus, a sec. 6654(e) exception was applicable). In addition, the disability may constitute reasonable cause. Jones v. Commissioner, supra.

unable to pay the tax or would suffer undue hardship if he/she paid the tax on the due date. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. In determining whether the taxpayer was unable to pay the tax in spite of the exercise of ordinary business care and prudence, consideration will be given to all of the facts and circumstances of the taxpayer's financial situation, including the amount and nature of the taxpayer's expenditures in view of the income (or other amounts) he/she could at the time of the expenditures reasonably expect to receive before the date prescribed for the payment of the tax. See id.

Petitioner testified that she made every effort to file her Federal income tax returns and to pay her taxes, but she was having problems, which is why she "is not practicing now." She was treated for emotional problems for years, and eventually she was hospitalized on account of her emotional problems and related physical ailments in December 2003 and August 2004 "for a month both times." She also testified that she was able to work in 2003 and 2004 and to apply for an extension of time to file her return for 2003, but she was so "overwhelmed that * * * it led" to her hospitalization. According to petitioner, "work [was] the last thing to go and that's the only thing [she] did" until she stopped working in August 2004. She added that she was able to pay her bills in 2003 but not in 2004 and that the mortgage on her house was foreclosed in 2005 because her payments were about

1 year in arrears.  Finally, she testified that she contacted an accountant to help her with her income tax obligations, but she could not afford his services.[8]

In certain circumstances a taxpayer's illness or incapacity may constitute reasonable cause for failure to file timely, failure to pay the amount shown as tax, or failure to pay estimated income tax.  Jordan v. Commissioner, T.C. Memo. 2005-266 (and cases cited therein); see also Carlson v. United States, 126 F.3d 915, 921-923 (7th Cir. 1997) (discussing the addition to tax for failure to pay); Meyer v. Commissioner, T.C. Memo. 2003-12 (discussing the addition to tax for failure to pay estimated income tax).  On the other hand, if the taxpayer is able to continue his/her business affairs despite the illness or incapacity, then such illness or incapacity will not demonstrate reasonable cause.  Ruggeri v. Commissioner, T.C. Memo. 2008-300 (and cases cited therein); Hazel v. Commissioner, T.C. Memo. 2008-134; Jordan v. Commissioner, supra (and cases cited therein).  In addition, a taxpayer's selective incapacity or inability to meet his/her tax obligations when he/she can conduct normal business activities does not demonstrate reasonable cause. Jordan v. Commissioner, supra; Wright v. Commissioner, T.C. Memo.

---

[8]It is unclear from the record when petitioner contacted the accountant; e.g., around April 2004 or 2005 (the due dates of her Federal income tax returns) or after issuance of the notices of deficiency in July 2007.

1998-224, affd. without published opinion 173 F.3d 848 (2d Cir. 1999); Tabbi v. Commissioner, T.C. Memo. 1995-463.

Petitioner applied for an extension of time to file her Federal income tax return for 2003, extending its due date until August 15, 2004. Petitioner testified that she stopped practicing medicine in August 2004 and that she was hospitalized in August 2004 for emotional problems. Although petitioner submitted no evidence to corroborate her testimony, the Court observed her appearance and demeanor at trial and finds her testimony to be honest, sincere, and credible. But see, e.g., Urban Redev. Corp. v. Commissioner, 294 F.2d 328, 332 (4th Cir. 1961) (the Court may reject a taxpayer's uncorroborated testimony), affg. 34 T.C. 845 (1960). The Court, therefore, holds that petitioner has established a reasonable cause defense for the 2003 section 6651(a)(1) addition to tax.

The Court, however, finds that petitioner has not established a reasonable cause defense for the 2004 section 6651(a)(1) addition to tax. Petitioner's 2004 return was due April 15, 2005. See sec. 6072(a). She provided no evidence that she was suffering from any illness or incapacity in April 2005, and therefore, respondent's imposition of the 2004 section 6651(a)(1) addition to tax is sustained. See Hazel v. Commissioner, supra; Shaffer v. Commissioner, T.C. Memo. 1994-618.

Petitioner testified that she stopped working in August 2004 because of her emotional problems, that she was unable to manage her finances in 2004, that she was 1 year in arrears on her mortgage payments, and the mortgage was foreclosed in 2005. Having determined that petitioner's testimony was credible, the Court holds that petitioner has established a reasonable cause defense for the 2003 section 6651(a)(2) addition to tax.

The Court, however, finds that she has not proven that she was unable to pay her 2004 income tax or that she would have otherwise suffered an undue hardship if she had paid her 2004 income tax on April 15, 2005 (i.e., its due date). Specifically, petitioner provided no evidence of her income, assets, and other financial liabilities in 2005. See sec. 301.6651-1(c), Proced. & Admin. Regs. Therefore, the Court sustains the 2004 section 6651(a)(2) addition to tax. See Carlson v. United States, supra at 923.

The Court also finds that petitioner has established a defense for the 2004 section 6654(a) addition to tax based on either a disability for which the underpayment was due to reasonable cause or an unusual circumstance for which the imposition of the addition to tax would be against equity or good conscience. See Jones v. Commissioner, T.C. Memo. 2006-176; Meyer v. Commissioner, supra.

To reflect the foregoing,

Decision will be entered

under Rule 155.