T.C. Summary Opinion 2010-139

UNITED STATES TAX COURT

GLORIA G. JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4274-09S.          Filed September 20, 2010.

Gloria G. Jones, pro se.

<u>Kimberly L. Clark</u>, for respondent.

HAINES, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code as amended.  Rule references are to the Tax
Court Rules of Practice and Procedure.  Amounts are rounded to
the nearest dollar.

this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies and additions to tax with respect to petitioner's Federal income taxes as follows:

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2005 | $20,633 | $4,642 | $3,095 | $828 |
| 2006 | 17,804 | 3,975 | 1,590 | 835 |

After concessions,[2] the remaining issues for decision are whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654(a) for each year.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time she filed her petition, petitioner resided in Oregon.

Procedural Background

Petitioner failed to timely file returns or to timely pay the taxes owed for 2003 through 2008. For 2003 and 2004 petitioner worked with respondent's Appeals officer to settle the disputes regarding nonpayment and nonfiling. On September 29, 2008, respondent prepared substitutes for returns pursuant to section 6020(b) for 2005 and 2006, the years at issue. On

---

[2]Petitioner conceded the underlying tax liabilities for the years at issue.

January 5, 2009, respondent issued notices of deficiency to petitioner for the years at issue. On February 23, 2009, petitioner timely filed a petition with this Court. On January 14, 2010, petitioner provided Federal income tax returns for 2005 and 2006 to respondent.

Personal Background

From 1997 until 2008 petitioner worked as a self-employed financial representative, selling life insurance and annuities for 8 to 10 different financial companies and providing services to her clients. At the end of each year the financial companies paid petitioner and reported her nonemployee compensation on Forms 1099. During the years at issue petitioner continued to manage her clients' needs and market her company.

In 2003 there was an onset of events involving petitioner's former husband, Mr. Jones, that caused petitioner to suffer severe emotional distress and physical affliction. The events culminated in allegations of criminal activity against Mr. Jones in January 2007. Mr. Jones denied the allegations before confessing on June 14, 2007. In August 2007 a grand jury indicted Mr. Jones, and he was later sentenced to prison. After Mr. Jones' sentencing petitioner underwent two surgeries. In 2009 petitioner finalized a no-contest divorce with Mr. Jones.

## Discussion

I.  Burdens of Proof

Initially, the Commissioner has the burden of production with respect to any penalty, addition to tax, or additional amount.  Sec. 7491(c).  The Commissioner satisfies this burden of production by coming forward with sufficient evidence indicating that it is appropriate to impose the penalty.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner satisfies this burden of production, the taxpayer must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of an applicable exception.  Id.

II.  Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[3]

Respondent has satisfied his burden of production under section 7491(c) by establishing, as petitioner acknowledges, that petitioner did not file her 2005 and 2006 Federal income tax returns by their due dates of April 15, 2006 and 2007,

---

[3]If the Secretary makes a return for the taxpayer under sec. 6020(b), it is disregarded for purposes of determining the amount of the addition to tax under sec. 6651(a)(1), but it is treated as a return filed by the taxpayer for purposes of determining the amount of the addition to tax under sec. 6651(a)(2).  Sec. 6651(g).

respectively.  Therefore, petitioner bears the burden of proving that her failure to file a return was due to reasonable cause and not due to willful neglect.  See Higbee v. Commissioner, supra at 446; Ruggeri v. Commissioner, T.C. Memo. 2008-300.

III.  Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on the taxpayer's return on or before the date prescribed unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[4]

Respondent submitted copies of the substitutes for returns that he prepared for petitioner, and petitioner concedes she did not pay her 2005 and 2006 income taxes as shown on the substitutes for returns by the due dates.  See Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); Hawkins v. Commissioner, T.C. Memo. 2008-168. Thus, respondent has produced sufficient evidence that petitioner is liable for the section 6651(a)(2) additions to tax for 2005 and 2006 unless an exception applies.  See Higbee v. Commissioner, supra at 446; Ruggeri v. Commissioner, supra.

---

[4]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition to tax under sec. 6651(a)(1) for any month to which an addition to tax applies under both paragraphs.  Sec. 6651(c)(1).

IV. <u>Exceptions to the Section 6651(a)(1) and (2) Additions to Tax</u>

Reasonable cause is a defense to the section 6651(a)(1) and (2) additions to tax.  To prove reasonable cause for a failure to timely file, the taxpayer must show that she exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time.  <u>Crocker v. Commissioner</u>, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  To prove reasonable cause for a failure to pay the amount shown as tax on a return, the taxpayer must show that she exercised ordinary business care and prudence in providing for payment of her tax liability and nevertheless was either unable to pay the tax or would suffer undue hardship if she paid the tax on the due date.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  The determination of whether reasonable cause exists is based on all the facts and circumstances.  <u>Estate of Hartsell v. Commissioner</u>, T.C. Memo. 2004-211; <u>Merriam v. Commissioner</u>, T.C. Memo. 1995-432, affd. without published opinion 107 F.3d 877 (9th Cir. 1997).

Petitioner contends that the difficult circumstances she experienced constituted reasonable cause for her failure to timely file returns and pay taxes.  Petitioner testified about the legal, emotional, and physical trouble she experienced in 2007.  Despite petitioner's unfortunate circumstances, she produced no evidence indicating the circumstances caused her to

be incapacitated and unable to prepare her returns on the dates they were due. While sympathetic to petitioner's ongoing situation, the Court concludes that the circumstances as described do not give rise to a reasonable cause defense for the particular years at issue.

Petitioner testified that the allegations against Mr. Jones arose in January 2007 and did not fully come to light until Mr. Jones' admission of guilt on June 14, 2007. Nevertheless, petitioner's tax returns and payments for 2005 and 2006 were due on April 15, 2006 and 2007, respectively. According to petitioner's testimony, her unfiled 2005 return was long overdue and her 2006 return was due before Mr. Jones' confessed, legal proceedings began, or her physical problems arose.

Petitioner undoubtedly experienced some financial distress upon the loss of her husband's income, yet she provided no evidence or testimony regarding her inability to pay the taxes due or that she would have suffered undue hardship if she had paid the taxes on the due dates for the years at issue. In fact, petitioner testified that during the years at issue she remained gainfully employed, was selling products for 8 to 10 different financial companies, and continued to manage the needs of her clients and market her company. The Court has consistently held that if a taxpayer is able to continue her business affairs despite an incapacity, then the incapacity does not establish

reasonable cause.  Ruggeri v. Commissioner, supra (and cases cited therein); Hazel v. Commissioner, T.C. Memo. 2008-134; Jordan v. Commissioner, T.C. Memo. 2005-266 (and cases cited therein).  Similarly, the Court has also held that a taxpayer's inability to meet her tax obligations when she can conduct normal business activities does not establish reasonable cause.  Jordan v. Commissioner, supra; Wright v. Commissioner, T.C. Memo. 1998-224, affd. without published opinion 173 F.3d 848 (2d Cir. 1999); Tabbi v. Commissioner, T.C. Memo. 1995-463.

Petitioner has a history of nonfiling and nonpayment, having failed to timely file returns and to pay the tax due for each of the years 2003 to 2008.  In the light of the sequence of events as explained by petitioner, her testimony regarding her financial situation, and her history of nonfiling and nonpayment, respondent's determinations are sustained.

V.   Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax on an underpayment of estimated income tax unless an exception applies. See sec. 6654(e).  The section 6654(a) addition to tax is determined by applying the underpayment rate established under section 6621 to the amount of the underpayment[5] for the period of

_____

[5]"[A]mount of the underpayment" means the excess of the required installment over the amount, if any, of the installment paid on or before the due date for the installment.  Sec. 6654(b)(1).

the underpayment.[6]  The addition to tax is also calculated with reference to four required installment payments of the taxpayer's estimated income tax.  Sec. 6654(c)(1); <u>Wheeler v. Commissioner</u>, <u>supra</u> at 210.  Each required installment of estimated income tax is equal to 25 percent of the "required annual payment."  Sec. 6654(d)(1)(A).  The required annual payment is generally equal to the lesser of:  (1) 90 percent of the tax shown on the taxpayer's return for the year (or 90 percent of the taxpayer's tax for the year if not return is filed); or (2) 100 percent of the tax shown on the return if the taxpayer filed a return for the immediately preceding taxable year.  Sec. 6654(d)(1)(B); <u>Wheeler v. Commissioner</u>, <u>supra</u> at 210-211.  But if the taxpayer did not file a return for the preceding year, then clause (2) does not apply.  Sec. 6654(d)(1)(B).  A taxpayer has an obligation to pay estimated income tax for a particular year only if she had a "required annual payment" for that year.  <u>Wheeler v. Commissioner</u>, <u>supra</u> at 211.

Petitioner was required to file her 2005 and 2006 Forms 1040, U.S. Individual Income Tax Return, by April 15, 2006 and 2007, respectively, but did not do so. Respondent's burden of production under section 7491(c) with respect to the section

---

[6]The period of the underpayment runs from the due date for the installment to the earlier of the 15th day of the 4th month following the close of the taxable year or with respect to any portion of the underpayment, the date on which such portion is paid.  Sec. 6654(b)(2).

6654(a) additions to tax has been satisfied by proof at trial that petitioner has Federal income tax liabilities for 2005 and 2006 and that petitioner made no estimated payments for either year.  Thus, the additions to tax apply under section 6654(a) unless petitioner established that an exception applies.

VI.  Exceptions to the Section 6654(a) Addition to Tax

Generally, no reasonable cause exception exists for the section 6654(a) addition to tax.  Sec. 1.6654-1(a)(1), Income Tax Regs.; see also Bray v. Commissioner, T.C. Memo. 2008-113.  But no addition to tax is imposed under section 6654(a) with respect to any underpayment if the Secretary determines that the taxpayer became disabled[7] in either the taxable year for which estimated income tax payments were required or in the preceding taxable year and the underpayment was due to reasonable cause and not willful neglect.  Sec. 6654(e)(3)(B).  Additionally, no addition to tax is imposed under section 6654(a) with respect to any underpayment to the extent the Secretary determines that by reason of casualty, disaster, or other unusual circumstances the

---

[7]The term "disabled" includes a significant psychiatric disorder and mental incapacitation during the period under consideration, Shaffer v. Commissioner, T.C. Memo. 1994-618, or confinement to various hospitals for "severe mental illness", Carnahan v. Commissioner, T.C. Memo. 1994-163, affd. without published opinion 70 F.3d 637 (D.C. Cir. 1995); see also Jones v. Commissioner, T.C. Memo. 2006-176; Meyer v. Commissioner, T.C. Memo. 2003-12 (taxpayer's severe health problems and mental condition incapacitated him; thus, a sec. 6654(e) exception was applicable).  In addition, the disability may constitute reasonable cause.  Jones v. Commissioner, supra.

imposition of the addition to tax would be against equity or good conscience.  Sec. 6654(e)(3)(A).

Petitioner has not established a disability within the meaning of section 6654(e)(3)(B).  She also has not established a casualty, a disaster, or other unusual circumstances for which the imposition of the section 6654(a) additions to tax would be against equity or good conscience.  Consequently, respondent's determination is sustained.[8]

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.

---

[8]As indicated, the parties have agreed that the deficiencies for 2005 and 2006 are $20,633 and $17,804, respectively.  The Court leaves it to the parties to compute the additions to tax using these deficiencies.