T.C. Memo. 2009-18

UNITED STATES TAX COURT

DOLORES JEAN HALBIN, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5799-06.                    Filed January 28, 2009.

Dolores Jean Halbin, pro se.

Charles M. Berlau, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, Judge:  In a notice of deficiency dated December 16, 2005, respondent determined that petitioner was liable for a Federal income tax deficiency of $7,794 and additions to tax pursuant to section 6651(a)(1) and (2)[1] for 2004.  Petitioner

---

[1] Unless otherwise provided, all section references are to the Internal Revenue Code in effect for the year in issue and all
(continued...)

filed a timely petition seeking a redetermination of the deficiency and the additions to tax. After concessions, the issues for decision are as follows:

1. Whether petitioner[2] is entitled to claim a dependency exemption deduction for her son for 2004; and

2. whether petitioner is liable for the additions to tax under section 6651(a)(1) and (2).

FINDINGS OF FACT

Some of the facts have been stipulated. We incorporate the stipulated facts into our findings by this reference. Petitioner resided with her husband, Gene E. Halbin (Mr. Halbin), on a 10-acre farm in Missouri on the date her petition was filed.

During 2004 petitioner worked as a school nurse at a school located approximately 58 miles from her home, and before he got too sick to work, Mr. Halbin worked in an HVAC (heating, ventilating, and air conditioning) business that he was trying to develop into a full-time business. In addition, both petitioner and Mr. Halbin performed various farm chores that included but were not limited to raising honeybees and maintaining their

---

[1](...continued)
Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent has conceded that any income tax deficiency for 2004 will be calculated to reflect that petitioner and her husband filed a joint Federal income tax return for 2004 after the notice of deficiency was issued and that their correct filing status for 2004 is married filing jointly.

hives, harvesting and selling honey, and raising crops and exotic birds.

Dependency Exemption for Son

Petitioner and Mr. Halbin have one son, Eric G. Halbin (Eric). On June 24, 2003, as he was leaving his parents' farm, Eric's vehicle was hit head-on by a U.S. Postal Service mail carrier who was driving down the wrong side of the road. It took approximately 3 hours for emergency personnel to extricate Eric from his vehicle. Eric suffered severe physical injuries including but not limited to a fractured right knee, a severely dislocated left hip, internal bleeding, and a head injury. Eric's hip was out of socket for 7-1/2 hours, leading to other physical problems. As a result of his injuries, Eric for some time could not walk, drive, or work.

When Eric was released from the hospital, he returned to his home in Kansas, which he was in the process of buying. Because Eric had no income, however, he was unable to pay his basic living expenses, including his utilities and mortgage payment. Although petitioner and Mr. Halbin attempted to help Eric with his expenses, they could not afford to keep making his payments. Eric was finally forced to move to his parents' home because he could not afford to live by himself.[3]

---

[3]By December 2003 utilities to Eric's home had been turned off. In approximately September 2005 the financial institution
(continued...)

Eric resided with his parents from December 2003 to sometime in December 2006. During 2004 Eric had no income and received no government payments. Petitioner and Mr. Halbin paid all of his living expenses, including his grocery and medical expenses,[4] and they paid all of the housing costs for their home.

2004 Delinquent Return

In addition to Eric's accident in 2003, petitioner and Mr. Halbin had to contend with other problems. In 2003 Mr. Halbin developed an illness that was not diagnosed correctly until 2004, when he had surgery to remove his gall bladder.[5] Until his condition was finally diagnosed, Mr. Halbin thought that he was dying of cancer. At times Mr. Halbin was so sick that he could not get out of bed. Other times he was able to help petitioner around the farm. It fell on petitioner, who was still holding down a full-time job, to care for both Mr. Halbin and Eric during 2004.

During 2004 and 2005 petitioner and Mr. Halbin were also undergoing an examination of their 2003 Federal income tax return by the IRS. On a date that does not appear in the record but was

---

[3](...continued)
holding Eric's loan foreclosed on his home.

[4]Petitioner did not receive any reimbursement for her son's medical expenses, and she did not claim the expenses on her tax returns.

[5]The surgery took place on Dec. 31, 2004.

probably sometime before August 22, 2005, petitioner and/or Mr. Halbin spoke with the auditor about their various problems and told the auditor that they needed more time to file their 2004 Federal income tax return.[6]  As the April 15, 2005, filing deadline approached, petitioner obtained an extension form, but she did not complete it or file it before April 15, 2005. Neither petitioner nor Mr. Halbin filed a timely 2004 Federal income tax return.  Petitioner testified that with all of the problems[7] she had in 2004 and 2005, she forgot about filing the extension form and/or the 2004 Federal income tax return.

Delinquent 2004 Joint Return; Agreed Adjustments

For reasons that do not appear in the record, the IRS allegedly prepared and processed a substitute for return for petitioner on or about August 22, 2005, only 4 months after the filing deadline, and mailed a notice of deficiency for 2004 to

---

[6]Mr. Halbin testified that during the course of his 30-year marriage, except for 2004, he and petitioner filed timely joint Federal income tax returns.  Usually Mr. Halbin prepared the joint returns, but for some years (e.g., 2000, 2002, and 2003) a paid preparer did so.  For 2004, however, petitioner and Mr. Halbin did not hire a return preparer because they could not afford to do so.

[7]In July 2004 a new neighbor sprayed chemicals on the neighbor's property without warning petitioner.  After the spraying, petitioner's honeybees and hives died.  Petitioner testified that she lost 20 hives, that each hive was worth $500, and that each of the hives that was destroyed would have produced 60 pounds of honey.  After Mr. Halbin became ill, petitioner and Mr. Halbin lost a potential lavender crop because the lavender seeds, which are very sensitive to temperature, were not planted at the proper time.

petitioner on December 16, 2005.  Petitioner timely petitioned this Court on March 22, 2006.

On October 23, 2006, counsel for respondent received a joint Federal income tax return for 2004 from petitioner and Mr. Halbin dated October 18, 2006.  On February 16, 2007, counsel for respondent received another joint Federal income tax return for 2004 dated February 7, 2007.  The parties have stipulated that petitioner and Mr. Halbin had the following items of income for 2004:

| | |
|---|---|
| Wages | [1]$52,190 |
| Income tax refund | 1,772 |
| Income--HVAC/electric activity | 7,112 |
| Income-honey/lavender/bird activity | 4,800 |

[1]Federal income tax withholding on petitioner's wage income was $1,341.

The parties have also stipulated that respondent will recalculate the 2004 deficiency using joint return rates, that he will allow two personal exemptions (for petitioner and Mr. Halbin), and that petitioner and Mr. Halbin may deduct the following expenses:

| | | |
|---|---|---|
| Honey/lavender/exotic bird activity expenses | | $4,630.63 |
| HVAC/electric activity expenses | | 3,443.21 |
| Schedule A expenses: | | |
| State & local taxes | $1,997.88 | |
| Medical expenses | 3,910.02 | |
| Real estate taxes | 719.37 | |
| Personal property taxes | 211.70 | |
| Mortgage interest | 11,343.00 | |

OPINION

Petitioner contends that she is entitled to a dependency exemption deduction for her son, Eric, for 2004 and that she is not liable for the section 6651(a)(1) and (2) additions to tax. Petitioner does not contend that the burden of proof, which is normally placed on the taxpayer pursuant to Rule 142, should be shifted to respondent under section 7491(a), and she did not introduce evidence to establish that the requirements of section 7491(a) have been satisfied. Consequently, petitioner has the burden of proof with respect to disputed factual matters. Rule 142(a).

Dependency Exemption Deduction for Son

Section 151(a) authorizes a taxpayer to deduct allowable personal exemptions. Section 151(c)(1) authorizes a taxpayer to deduct a personal exemption for each qualifying dependent, as defined in section 152, whose gross income for the relevant year is less than the exemption amount. Section 152(a) provides in pertinent part that the term "dependent" means a son of the taxpayer over half of whose support for the relevant year was received from the taxpayer.

In deciding whether an individual received over half of his support from the taxpayer, we must take into account "the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all

sources". Sec. 1.152-1(a)(2)(i), Income Tax Regs. A taxpayer claiming a dependency exemption deduction must prove by competent evidence the total amount of the dependent's support from all sources for the relevant year and must prove that the taxpayer provided more than one-half of the dependent's total support. See Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971).

During 2004 petitioner's son, Eric, was 26 years old and incapacitated from an automobile accident. He resided during 2004 in his parents' home. Both petitioner and Mr. Halbin testified credibly that they paid 100 percent of Eric's expenses during 2004, including his grocery and medical expenses, that Eric could not and did not work during 2004, and that Eric had no income or support from sources other than his parents.[8] The testimony establishes Eric's total support from all sources and proves that petitioner and her husband provided all of Eric's support during 2004. We conclude on this record that petitioner is entitled to a dependency exemption deduction for Eric.

Section 6651(a)(1) Addition to Tax

Petitioner failed to file a timely 2004 Federal income tax return. Respondent determined that petitioner was liable for the

---

[8]Respondent inquired of petitioner and Mr. Halbin whether Eric received any payments from the State of Kansas during 2004, but they denied having knowledge of any government payments to Eric before 2006 when Eric's disability claim was finally resolved. Respondent did not introduce any evidence to refute their testimony.

section 6651(a)(1) addition to tax because of petitioner's failure to file her 2004 Federal income tax return by the due date. Petitioner contends that she is not liable for the addition to tax because she had reasonable cause for her failure to file a timely 2004 return. Petitioner argues that the many personal problems with which she was dealing in 2004 and 2005 justified her failure to file her return by the April 15, 2005, deadline.[9]

Section 6651(a)(1) imposes an addition to tax for failure to file a return in the amount of 5 percent of the tax required to be shown on the return for each month during which such failure continues, but not exceeding 25 percent in the aggregate, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. See United States v. Boyle, 469 U.S. 241, 245 (1985).

Although respondent has the initial burden of production with respect to the section 6651 addition to tax, see sec. 7491(c), respondent satisfied that burden with evidence that petitioner did not file a timely Federal income tax return for 2004, a fact that petitioner does not dispute. Consequently, petitioner must prove that she is not liable for the addition to

---

[9]We did not require the parties to file posttrial briefs. Our summary of petitioner's arguments is derived from petitioner's testimony and arguments at trial.

tax.  Petitioner contends that she had reasonable cause for her failure to file a timely 2004 Federal income tax return.

The record is replete with evidence that petitioner struggled throughout 2004 and 2005 with a panoply of serious personal problems, including Mr. Halbin's illness, surgery, and recuperation, Eric's injuries from his car accident, the destruction of petitioner's beehives, and the collapse of the farm's lavender crop.  Petitioner was the principal source of income for her family during this difficult period, and after very long workdays she had to summon the strength to deal with the farm and the physical problems of her family members.  Although Mr. Halbin was able to assist in some ways during 2004 and 2005, his illness, which was undiagnosed for many months, made it very difficult for him to provide reliable help for petitioner.

While we are very sympathetic to the difficult situation petitioner endured, we cannot decide this issue on sympathy.  Rather, we must examine the facts in the record to decide whether petitioner had reasonable cause for failing to file her return within the meaning of section 6651(a).

Section 301.6651-1(c)(1), Proced. & Admin. Regs., provides that a taxpayer who claims that he or she had reasonable cause for failing to file a return must make an affirmative showing of all facts in support of that claim.  If the facts presented

demonstrate that the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return when due, the delay is due to reasonable cause.  Id.

Both petitioner and Mr. Halbin testified that they attempted to contact the IRS regarding their belief that they needed more time to file their 2004 Federal income tax return.  However, the record does not establish when the call or calls were made or, specifically, whether the calls were made before the return filing deadline.  The record does establish that petitioner obtained the form to request an automatic extension to file but that she failed to complete and file the form before the return filing deadline.  When asked why she did not file the request for an automatic extension, petitioner testified that she forgot about the filing deadline and that filing the 2004 return was not on her radar.

Petitioner held a full-time job throughout 2004 and into 2005.  She paid bills, did farm chores, and helped Mr. Halbin and Eric with their physical challenges.  Both Mr. Halbin, who had surgery in December 2004, and Eric, whose automobile accident occurred in 2003, were recuperating and improving physically in 2005.  The record demonstrates that petitioner could function and was functioning at several different levels in 2005. Unfortunately for petitioner, the record also establishes that even though she was aware of her return filing obligation, she

forgot to do what was necessary to deal with that filing obligation before the filing deadline.

The record does not support a conclusion that petitioner exercised "ordinary business care and prudence" with regard to her 2004 filing obligation. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

We hold that petitioner has not proven that she had reasonable cause for her failure to file a timely 2004 Federal income tax return.

Section 6651(a)(2) Addition to Tax

Respondent also determined that petitioner was liable for the addition to tax imposed by section 6651(a)(2) for failure to pay the amount of tax shown on a return. The addition to tax under section 6651(a)(2) applies only when an amount of tax is shown on a return. Cabirac v. Commissioner, 120 T.C. 163, 170 (2003). Petitioner did not file a timely Federal income tax return for 2004.[10] Although we did not direct the parties to file posttrial briefs, we assume for purposes of this analysis that respondent based his determination that petitioner was

_____

[10]Although petitioner and her husband submitted two joint Federal income tax returns to respondent for 2004, the documents were submitted after respondent issued his notice of deficiency, and they apparently were not treated as returns for purposes of this case. In addition, neither document showed an unpaid Federal income tax liability. Consequently, we analyze this issue as if petitioner did not file a Federal income tax return for 2004.

liable for the section 6651(a)(2) addition to tax on his assertion that he made a substitute for return for 2004 under section 6020(b) (SFR) that qualifies as a return for purposes of section 6651(a)(2).

An SFR is treated as a return filed by the taxpayer for purposes of determining whether the section 6651(a)(2) addition to tax applies. Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), affd. 521 F.3d 1289 (10th Cir. 2008). However, the claimed SFR must satisfy the requirements of section 6020(b). Id. at 209; see also Cabirac v. Commissioner, supra at 170-173.

We have held that the Commissioner's burden of production under section 7491(c) with respect to the section 6651(a)(2) addition to tax requires that the Commissioner introduce evidence that a return showing an unpaid tax liability was filed for the year in question. See Wheeler v. Commissioner, supra at 210. In a case such as this where the Commissioner is relying upon an alleged SFR to support his determination under section 6651(a)(2), the Commissioner must introduce evidence that an SFR satisfying the requirements of section 6020(b) was made. See id. Respondent did not do so. Although the record includes certain deemed admissions under Rule 90(c) and various stipulations of fact, neither the deemed admissions nor the stipulations mentioned, much less established, that respondent made an SFR meeting the requirements of section 6020(b) or that petitioner

filed a Federal income tax return for 2004 showing an unpaid tax liability.  Because the record does not contain evidence that petitioner failed to pay a tax shown on a Federal income tax return for 2004, we conclude that respondent has not satisfied his burden of production under section 7491(c) with respect to the section 6651(a)(2) addition to tax.

Because of our holding, we do not need to decide whether petitioner had reasonable cause for any alleged failure to pay tax within the meaning of section 6651(a)(2).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.