T.C. Summary Opinion 2009-101


UNITED STATES TAX COURT


JILL E. HAGER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10422-06S.               Filed July 7, 2009.


Jill E. Hager, pro se.

<u>Edward L. Walter</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined an $8,173 deficiency in petitioner's 2003 Federal income tax and additions to tax under sections 6651(a)(1) and (2) and 6654(a). Respondent concedes that petitioner is entitled to the following deductions: (1) $8,257 for "contract labor"; (2) $871 for supplies; and (3) $1,800 for office expenses.

By submitting a 2003 Form 1040, U.S. Individual Income Tax Return, petitioner concedes that she: (1) Received interest of $1,145, distributions of $6,808, and nonemployee compensation of $27,956; and (2) is liable for self-employment tax.[1] See Lare v. Commissioner, 62 T.C. 739, 750 (1974) (statements made in a tax return signed by a taxpayer may be treated as admissions), affd. without published opinion 521 F.2d 1399 (3d Cir. 1975). Petitioner also concedes that she is not entitled to deduct the following expenses: (1) $3,100 for supplies; (2) $1,978 for utilities; and (3) $350 for postage. Petitioner presented no argument or evidence as to her liability for the 10-percent additional tax on early distributions from her qualified retirement plan; she is therefore deemed to have conceded the

---

[1]Adjustments to petitioner's self-employment tax and her deduction therefor are computational and are to be resolved consistent with the Court's opinion in the parties' Rule 155 computations. See secs. 164(f), 1401, 1402.

issue.  See sec. 72(t)(1); <u>Nielsen v. Commissioner</u>, 61 T.C. 311, 312 (1973); <u>Mikalonis v. Commissioner</u>, T.C. Memo. 2000-281.

The issues remaining for decision are whether petitioner is: (1) Entitled to a $13,773 deduction for vehicle expenses; and (2) liable for the additions to tax under sections 6651(a)(1) and (2) and 6654(a).

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference.  When the petition was filed, petitioner resided in Ohio.

During 2003 petitioner was self-employed in promotions and marketing for various entities in Ohio.  She drove to various locations, changing out displays or advertisements or sending models to various restaurants or bars to promote certain liquor brands.

Petitioner did not timely file her 2003 Form 1040. Therefore, respondent prepared a substitute for return for petitioner pursuant to section 6020(b).  From third-party payor reports respondent determined that petitioner received $35,809 in gross income.  Respondent allowed petitioner one personal exemption of $3,050, a standard deduction of $4,750, and a credit for withheld tax of $3.  Respondent also determined a net tax of

$8,170[2] and that petitioner was liable for additions to tax pursuant to sections 6651(a)(1) and (2) and 6654(a).  In response, petitioner filed a petition with the Court; she was ordered to file her 2003 Form 1040 by December 17, 2007, which she submitted to respondent on February 17, 2008.

## Discussion

### I.  Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden to prove that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  But the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner if the taxpayer introduces credible evidence with respect to the issue and the taxpayer has satisfied certain conditions.  Sec. 7491(a)(1).  Petitioner has not alleged that section 7491(a) applies, and she has not complied with the substantiation requirements.  See sec. 7491(a)(2)(A).  Thus, the burden of proof remains on her.

### II.  Vehicle Expenses

Section 162(a) authorizes a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  But as a general rule,

---

[2]The net tax includes income tax of $3,556 plus self-employment tax of $3,936 and an IRA early withdrawal penalty of $681.

deductions are allowed only to the extent that they are
substantiated.  Secs. 274(d) (no deductions are allowed for
gifts, listed property,[3] traveling, entertainment, amusement, or
recreation unless substantiated), 6001 (taxpayers must keep
records sufficient to establish the amount of the items required
to be shown on their Federal income tax returns).  If the
taxpayer establishes that she has incurred a deductible expense
yet is unable to substantiate the exact amount, the Court may
estimate the deductible amount in some circumstances.  Cohan v.
Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  But the Court
cannot estimate a taxpayer's expenses with respect to the items
enumerated in section 274(d).  Sanford v. Commissioner, 50 T.C.
823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969);
Rodriguez v. Commissioner, T.C. Memo. 2009-22 (the strict
substantiation requirements of section 274(d) preclude the Court
and taxpayers from approximating expenses).

Section 274(d) and the regulations thereunder require
taxpayers to substantiate their deductions by adequate records or
sufficient evidence to corroborate the taxpayer's own testimony
as to:  (1) The amount of the expenditure or use; (2) the time of
the expenditure or use; (3) the place of the expenditure or use;
(3) the business purpose of the expenditure or use; and (4) the

---

[3]The term "listed property" is defined to include passenger
automobiles.  Sec. 280F(d)(4)(A)(i).

business relationship to the taxpayer of the persons entertained or receiving the gift. Sec. 1.274-5T(a) and (b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Taxpayers are required to maintain and produce such substantiation as will constitute proof of each expenditure or use. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Written evidence has considerably more probative value than oral evidence, and the probative value of written evidence is greater the closer in time it is to the expenditure or use. Id. Although a contemporaneous log is not required, a record made at or near the time of the expenditure or use that is supported by sufficient documentary evidence has a higher degree of credibility than a subsequently prepared statement. Id. The corroborative evidence required to support a statement not made at or near the time of the expenditure or use must have a high degree of probative value to elevate the statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure or use supported by sufficient documentary evidence. Id.

To satisfy the "adequate records" requirement of section 274(d), the taxpayer shall maintain an account book, a diary, a log, a statement of expense, a trip sheet, or a similar record and documentary evidence that in combination are sufficient to establish each element of expenditure or use. Sec. 1.274-

5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). The adequate record must be prepared or maintained in such manner that each recording of an element or use is made at or near the time of the expenditure or use. Sec. 1.274-5T(c)(2)(ii), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). "'[M]ade at or near the time of the expenditure or use' means [that] the elements of an expenditure or use are recorded at a time when, in relation to the use or making of an expenditure, the taxpayer has full present knowledge of each element of the expenditure or use". Sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., supra.

To substantiate petitioner's deduction for vehicle expenses, she submitted: (1) Certain "Client Care Representative Payment [Reports]" that include the clients' names and locations by city and ZIP Code and the months and years that she serviced the accounts;[4] (2) a "Suave Event Staffing Schedule" that includes the clients' store numbers and addresses and the dates she serviced the accounts; (3) certain timesheets that include the clients' names, store numbers, and addresses (in some cases) and the dates she serviced the accounts and the durations thereof; (4) a list entitled "2003 Approximate Mileage" that includes the miles she drove round trip from her home to certain cities and

_____

[4]Petitioner testified that these were "just some of them that [she] happened to keep."

the miles she drove within each city (in some cases); and (5) her testimony.

Petitioner testified that she drove to various locations within the cities to set up displays and to change out advertisements or wallboards. She also testified that her "2003 Approximate Mileage" list was prepared "last year" (i.e., 2007) and that she "tried to at least Mapquest all of these so that [she] would have an idea of what the mileage was." According to petitioner, she wrote down her mileage in a mileage booklet[5] but not every time: "It was sometimes shoddy. I was [driving and] sometimes somebody would tell me a different way to go. So it was pretty messy."

Petitioner's testimony established that she did not accurately record her business mileage at or near the time of her business use. See sec. 1.274-5T(b)(6)(i)(B), (c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46016, 46017 (Nov. 6, 1985). In addition, her mileage was based upon estimates or approximations that were derived from Mapquest after the notice of deficiency was issued in March 2006. The Court therefore holds that petitioner is not entitled to a deduction for mileage. See Sanford v. Commissioner, supra at 827; Rodriquez v. Commissioner, supra; see also sec. 1.274-5T(c)(1), Temporary Income Tax Regs.,

---

[5]Petitioner testified that she could not find her mileage booklet and that she did not believe that she got it back from her accountant.

supra (the substantiation requirements are designed to encourage taxpayers to maintain records and documentary evidence). Respondent's determination is sustained.

III.  Additions to Tax

Initially, the Commissioner has the burden of production with respect to any penalty, addition to tax, or additional amount.  Sec. 7491(c).  The Commissioner satisfies this burden of production by coming forward with sufficient evidence that indicates that it is appropriate to impose the penalty or addition to tax.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner satisfies this burden of production, the taxpayer must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of an applicable exception.  Id.

A.  Section 6651(a)(1) and (2)

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing) unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[6]  To prove reasonable cause for a failure to

---

[6]If the Secretary makes a return for the taxpayer under sec. 6020(b), it is disregarded for purposes of determining the amount of the addition to tax under sec. 6651(a)(1), but it is treated as a return filed by the taxpayer for purposes of determining the amount of the addition to tax under sec. 6651(a)(2).  Sec. 6651(g).

file timely, a taxpayer must show that she exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time.  <u>Crocker v. Commissioner</u>, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on the taxpayer's return on the date prescribed (determined with regard to any extension of time for payment) unless the taxpayer can establish that the failure is due to reasonable cause and not due to willful neglect.[7]  To prove reasonable cause for a failure to pay the tax, the taxpayer must show that she exercised ordinary business care and prudence in providing for payment of the tax and nevertheless was either unable to pay the tax or would suffer undue hardship if she paid the tax on the due date.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  In determining whether the taxpayer was unable to pay the tax in spite of the exercise of ordinary business care and prudence, consideration will be given to all of the facts and circumstances of the taxpayer's financial situation, including the amount and nature of the taxpayer's expenditures in view of the income (or other amounts) she could at the time of the

---

[7]The amount of the addition to tax under sec. 6651(a)(2) reduces the amount of the addition under sec. 6651(a)(1) for any month to which an addition to tax applies under both paragraphs. Sec. 6651(c)(1).

expenditures reasonably expect to receive before the date prescribed for the payment of the tax.  Id.

Petitioner did not file her 2003 Form 1040; however, she submitted a 2003 Form 1040 to respondent on February 17, 2008. Respondent has met his burden of production as to the section 6651(a)(1) addition to tax for failure to file timely.  See Higbee v. Commissioner, supra at 446; Ruggeri v. Commissioner, T.C. Memo. 2008-300.

Respondent provided a copy of the substitute for return that he prepared for petitioner, and petitioner did not pay the tax as shown on the substitute for return on April 15, 2004.  See Wheeler v. Commissioner, 127 T.C. 200, 208-209 (2006), affd. 521 F.3d 1289 (10th Cir. 2008); Hawkins v. Commissioner, T.C. Memo. 2008-168.  Respondent has met his burden of production as to the section 6651(a)(2) addition to tax for failure to pay.[8]

Petitioner has not established a reasonable cause defense for the section 6651(a)(1) and (2) additions to tax. Respondent's determinations are sustained.

B.  Section 6654(a)

Section 6654(a) imposes an addition to tax on an underpayment of estimated tax unless an exception applies.  Sec. 6654(e).  The addition to tax is calculated with reference to

---

[8]Petitioner submitted a $989 payment with her 2003 Form 1040 that she submitted on Feb. 17, 2008.

four required installment payments of the taxpayer's estimated tax. Sec. 6654(c)(1); Wheeler v. Commissioner, supra at 210. Each required installment of estimated tax is equal to 25 percent of the "required annual payment." Sec. 6654(d)(1)(A). The required annual payment is generally equal to the lesser of: (i) 90 percent of the tax shown on the taxpayer's return for the year (or, if no return is filed, 90 percent of the taxpayer's tax for the year); or (ii) if the taxpayer filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(B); Wheeler v. Commissioner, supra at 210-211. But if the taxpayer did not file a return for the preceding year, then clause (ii) does not apply. Sec. 6654(d)(1)(B). A taxpayer has an obligation to pay estimated tax for a particular year only if she has a "required annual payment" for that year. Wheeler v. Commissioner, supra at 211.

Petitioner failed to file a return for 2003 and that is sufficient for the Court to make the analysis required by section 6654(d)(1)(B)(i). Respondent, however, failed to introduce evidence showing whether petitioner filed a return for the preceding taxable year, i.e., 2002, and if she did, the amount of tax shown on her 2002 return. Without that evidence, the Court cannot identify the amount equal to 100 percent of the tax shown on her 2002 return. Therefore, the Court cannot conclude that petitioner had a required annual payment for 2003 because

respondent failed to produce sufficient evidence, as required by section 7491(c), to allow the Court to complete the comparison required by section 6654(d)(1)(B).  See <u>Wheeler v. Commissioner</u>, <u>supra</u> at 211-212.  Accordingly, petitioner is not liable for the addition to tax under section 6654(a) for 2003.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.