T.C. Summary Opinion 2010-156

UNITED STATES TAX COURT

COLLETTE M. LEWIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 341-09S.                    Filed October 19, 2010.

Collette M. Lewis, pro se.

Mayah Solh, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at

issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined for 2005 a deficiency of $36,349 in petitioner's Federal income tax, an addition to tax under section 6651(a)(1) of $9,087.25, and an addition to tax under section 6654(a) of $1,458.01.

The parties agree that petitioner received in 2005 $83,448 of nonemployee compensation from Madison Financial, Inc., $30,017 of nonemployee compensation from Harborside Financial Network, Inc., and $567 in interest from Indymac Bank. The parties also agree that petitioner is entitled to the standard deduction for 2005.

The parties further agree that petitioner is entitled to deductions on Schedule C, Profit or Loss From Business, for: (a) Car and truck expenses of $2,194; (b) other expenses for credit card report fees of $689; (c) other expenses of $738 for a cellular telephone; (d) other expenses for postage of $194; (e) other expenses of $1,336 for storage; (f) other expenses of $240 for real estate education; (g) small equipment expenses of $463; (h) appraisal fees of $2,520; and (i) office expenses of $306.

The issues remaining for decision are whether petitioner is entitled to deduct on Schedule C amounts in addition to those respondent agreed to, whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to timely

file her Federal income tax return for 2005, and whether

petitioner is liable for the addition to tax under section

6654(a) for failure to pay estimated income tax.[1]

Some of the facts have been stipulated and are so found.

The stipulation of facts and the exhibits received in evidence

are incorporated herein by reference. Petitioner resided in

California when the petition was filed.

Background

During the year at issue through the time of trial

petitioner was a mortgage broker who was also certified as a

"life coach", a practitioner of "esogetic colorpuncture",[2] and a

personal trainer. Petitioner's only income for the year,

however, was from her work as a mortgage broker.

Petitioner obtained her certification in esogetic

colorpuncture by attending classes in 2005. Her colorpuncture

certification would allow her to have a trade or business in

colorpuncture therapy. The courses for certification were taught

in various cities in California, Arizona, and Colorado.

Petitioner did not timely file a Form 1040, U.S. Individual

Income Tax Return, for 2005. Respondent initiated an examination

---

[1]Adjustments to petitioner's self-employment tax deductions and self-employment taxes are computational and will be resolved consistent with the Court's decision.

[2]Petitioner did not object to respondent's description of colorpuncture therapy as the practice of focusing colored lights on points on the skin to encourage healing.

for petitioner's 2005 tax year in March 2008 and prepared a substitute for return[3] for petitioner on March 24, 2008. Petitioner submitted to respondent a Form 1040 for 2005 that respondent received on August 11, 2008. The Form 1040 was not accepted as filed. Petitioner attached to the return a Schedule C that listed her principal business or profession as "Mortgage Broker/Cert. Esogetic Medicine Practitioner".

Petitioner's Form 1040 reported business income and adjusted gross income of negative $128 and claimed itemized deductions of $6,112. Petitioner's reported business loss was a result of business expenses claimed on Schedule C attached to the Form 1040 submitted to respondent in 2008. She claimed office expenses of $2,114 and travel expenses of $2,138. Petitioner also claimed on Schedule C other expenses of $93,038. Included in other expenses were payments for "outside services" of $60,701, referral fees of $11,136, client reimbursements of $3,077, continuing education/seminars of $3,647, continuing education publications of $2,396, and esogetic "equipment supplies" of $972.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule

---

[3]Respondent did not demonstrate that the substitute for return constituted a sec. 6020(b) return. See Spurlock v. Commissioner, T.C. Memo. 2003-124.

142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner did not argue or present evidence that she satisfied the requirements of section 7491(a). Therefore, the burden of proof does not shift to respondent.

<u>Trade or Business Expenses</u>

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Generally, no deduction is allowed for personal, living, or family expenses. See sec. 262. The taxpayer must therefore show that any claimed business expenses were incurred primarily for business rather than personal reasons. See Rule 142(a); <u>Walliser v. Commissioner</u>, 72 T.C. 433, 437 (1979).

To show that the expense was not personal, the taxpayer must show that the expense was incurred primarily to benefit his business, and there must have been a proximate relationship between the claimed expense and the business. See <u>Walliser v. Commissioner</u>, <u>supra</u> at 437. Taxpayers are required to maintain sufficient records to establish the amounts of their income and deductions. Sec. 6001; <u>Higbee v. Commissioner</u>, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), Income Tax Regs. Petitioner,

therefore, must produce evidence that she is entitled to the claimed deductions.

Other Expenses--Outside Services

Petitioner alleges that she paid to Juan A. Bravo (Mr. Bravo) $60,701 for outside services during 2005. Petitioner's tax return preparer testified that petitioner gave him a list of expenses to be included on the return for 2005. She did not provide him with any receipts, logs, or other records reflecting payments to Mr. Bravo. The return preparer used the amount on petitioner's list of expenses to prepare a Form 1099-MISC, Miscellaneous Income, that was given to Mr. Bravo. The return preparer does not "recall" filing a Form 1099-MISC for Mr. Bravo with the Internal Revenue Service (IRS). The IRS has no record of a Form 1099-MISC having been filed by petitioner with respect to payments to Mr. Bravo in 2005. A copy of the Form 1099-MISC was provided to respondent just days before trial.

Petitioner called Mr. Bravo to testify. He testified that he worked as petitioner's "assistant" in 2005. He prepared packages for lenders, talked to real estate agents, and did "a whole variety of things", according to his testimony. Mr. Bravo testified that he worked on a commission basis and was always paid in cash. According to Mr. Bravo, he did not keep records of the cash payments petitioner made to him during the year "because she's going to give me a 1099. She has to keep the record." Mr.

Bravo further testified that he received the Form 1099-MISC for 2005 and he agreed with petitioner that he used it "with your tax return when you filed it for 2005".

The Court is reluctant to rely on Mr. Bravo's testimony on this issue. He could not have relied on the Form 1099-MISC that was created in 2008 to file timely his 2005 tax return that was due in April 2006. It is possible that he filed a 2005 Federal income tax return even later than did petitioner, but he gave no such explanation.

Because petitioner failed to provide any proper substantiation to support her claimed deduction for expenses for outside services, the Court finds that no estimate of petitioner's deduction can be made under Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). In order for the Court to estimate the amount of an expense there must be some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, an allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

The Court sustains respondent's disallowance of petitioner's claimed deduction for outside services. See sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Other Expenses--Referral Fees

Petitioner attempted to substantiate her deduction of $11,136 of referral fees by presenting photocopies of what respondent's counsel believed to be cashier's check stubs. The stubs, though uniform in appearance, do not identify either the issuing bank or the purchaser. They do, however, contain the name of the payee. Respondent objected to the admission of the documents on the basis of relevance and hearsay. The Court overrules respondent's objections and finds the documents to be relevant and, when considered along with the testimony of Gary Offelt (Mr. Offelt), to be of probative value. See Rule 174(b).

Mr. Offelt was in 2005, and at the time of trial, the owner of a mortgage brokerage firm and was himself a mortgage broker. Petitioner worked for Mr. Offelt in 2005 as an independent contractor originating and processing loans. According to Mr. Offelt, approximately half of all real estate transactions involve referrals "to the agent, to the broker, to the loan officer." Mr. Offelt recognized the names of two individuals, Hugh Salazar (Mr. Salazar) and Miguel Perez (Mr. Perez), who are listed as payees on the cashiers' check stubs petitioner presented as having had business with petitioner.

In an effort to estimate under Cohan v. Commissioner, supra, the deductible referral fees petitioner paid, the Court has examined petitioner's exhibit in support of her deduction of

referral fees and considered Mr. Offelt's testimony.  Considering only indicated payments to payees Messrs. Salazar and Perez, the Court finds that petitioner made referral payments of $5,750 in 2005.  A payment dated 02/09/06, as well as payments for 03/17, 04/18 and 02/10 for which the year is illegible were ignored.  Any inexactitude in the estimate by the Court is of petitioner's own making through her failure to maintain proper business records.  See id. at 543-544.

Other Expenses--Client Reimbursements

Petitioner offered as evidence of her expenses for client reimbursements items similar to those she presented as evidence of referral fees.  Respondent made the same objection to the items as he did with the referral fees, and the Court overrules the objections on the same bases.  Mr. Bravo, petitioner's assistant, identified one payee, Anjelica Suarez, as a listed agent who worked with petitioner.  Petitioner also introduced as evidence a record of the State of California showing that Anjelica Suarez was issued a real estate salesperson license on June 8, 1990, that was scheduled to expire on June 22, 2010.  The cashiers' check stub showing Anjelica Suarez as payee bears the notation "Tax money returned".  Using the license information, the testimony of Mr. Bravo, and the check stub, the Court estimates that petitioner had a client reimbursement of the amount listed on the stub, $2,076.68.

Other Expenses--Esogetic Medicine

The issue to which petitioner devoted most of her energy at trial was her deduction of expenses related to her study of esogetic medicine. She deducted expenses for continuing education/seminars of $3,647. Respondent agrees that petitioner is entitled to deduct expenses for real estate education of $240 but argues that she is not entitled to deduct any amounts related to esogetic medicine.

Petitioner believes that respondent does not understand her circumstance. She testified that she is a mortgage banker and life coach and does not have a colorpuncture business. Petitioner argues that her colorpuncture education informs her life coaching which in turn contributes to her success as a mortgage banker. Because colorpuncture and life coaching are used in her mortgage banking business, petitioner believes that expenses related to those activities, including certain educational expenses, are deductible as business expenses.

Section 1.262-1(b)(9), Income Tax Regs., provides that a taxpayer's expenditures in obtaining or furthering an education are not deductible unless they qualify under section 162 and section 1.162-5, Income Tax Regs. Section 1.162-5(a), Income Tax Regs., sets forth objective criteria for deciding whether an education expense is a business, as opposed to a personal, expense. The general rule of the regulation allows the deduction

of educational expenses if the education maintains or improves the skills required by the individual in his or her employment or other trade or business or meets the express requirements of the employer or applicable law.  Id.

Section 1.162-5(b)(2) and (3), Income Tax Regs., provides, however, that if a taxpayer is pursuing a course of study that meets the minimum educational requirements for qualification in that employment or will qualify her for a new trade or business, the expenditures are not deductible.

Since the satisfaction of either of the two "disallowance" tests will preclude the deduction whether or not either of the two "allowance" tests is met, the analysis of the Court will, because of the facts here, begin with the disallowance test of section 1.162-5(b)(3), Income Tax Regs.

Otherwise deductible educational expenses are nondeductible if they will lead to qualifying the taxpayer for a new trade or business.  The taxpayer bears the burden of demonstrating that her education expenditures will not lead to qualifying her for a new trade or business.  See Rule 142(a); Petrovics v. Commissioner, T.C. Memo. 1981-508.  If the education qualifies the taxpayer to perform significantly different tasks and activities than she could perform before the education, then the education qualifies her for a new trade or business.  See Davis

v. Commissioner, 65 T.C. 1014, 1019 (1976); Glenn v. Commissioner, 62 T.C. 270, 275 (1974).

Petitioner's certification as a practitioner of esogetic medicine qualified her to perform tasks and activities significantly different from those she could perform as a mortgage broker. Petitioner admitted at trial that "technically", her certificate entitled her to open a business in colorpuncture therapy. But she explained that she did not and did not intend to open such a practice. What matters, however, is whether the education qualifies the taxpayer for a new trade or business, not whether the taxpayer engages in a new trade or business. Weiszmann v. Commissioner, 52 T.C. 1106, 1110 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971); sec. 1.162-5(b)(3)(ii), Example (2), Income Tax Regs.

Respondent's determination that petitioner is not entitled to deduct education expenses in excess of $240 is sustained.

Other Expenses--Continuing Education Publications

Petitioner claimed on her delinquent return $2,396 for continuing education publications. She provided photocopies of receipts and other documents to substantiate her deduction. Respondent raised multiple objections to the admissibility of the documents. The receipts appear to be for the purchase of personal items, including greeting cards and candles. The Court need not rule on respondent's objections because the documents,

even if admitted, do not substantiate petitioner's deduction. Respondent's determination on this issue is sustained.

### Other Expenses--Esogetic Equipment and Supplies

Because petitioner was not engaged in the trade or business of practicing esogetic medicine or colorpuncture therapy in 2005, the expenditure of $972 for esogetic "equipment supplies" is a nondeductible personal expense. Respondent's determination on this issue is sustained.

### Office Expenses

As with some of her other deductions, petitioner provided photocopies of receipts to show that she is entitled to office expense deductions in excess of those respondent allowed. The receipts appear to be for the purchase of personal items, including a watch and candles. The Court need not rule on respondent's objections because the documents, even if admitted, do not substantiate petitioner's deductions.

### Travel, Meals, and Entertainment Expenses

Certain business deductions described in section 274 are subject to strict rules of substantiation that supersede the doctrine in Cohan v. Commissioner, 39 F.2d at 543-544. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Section 274(d) provides that no deduction shall be allowed with respect to: (a) Any traveling expense, including meals and lodging away from home; (b) any item related to an

activity of a type considered to be entertainment, amusement, or recreation; or (c) the use of any "listed property", as defined in section 280F(d)(4),[4] unless the taxpayer substantiates certain elements.

For an expense described in one of the above categories, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony:  (1) The amount of the expenditure or use; (2) the time and place of the expenditure or use; (3) the business purpose of the expenditure or use; and in the case of entertainment, (4) the business relationship to the taxpayer of each expenditure or use.  See sec. 274(d).

To meet the adequate records requirements of section 274, a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., supra.  A contemporaneous log is not required, but corroborative evidence to support a taxpayer's reconstruction of the elements of expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record.  Sec. 1.274-

---

[4]"Listed property" includes any computer or peripheral equipment.  Sec. 280F(d)(4)(A)(iv).

5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioner's travel, meals, and entertainment expense deductions, including meals and lodging away from home, are subject to section 274(d) and the regulations thereunder. Petitioner presented photocopies of receipts and travel documents that meet the adequate records requirements to substantiate some travel expenditures and the time and place of the expenditures. Respondent raised multiple objections to petitioner's receipts and documents. The Court need not address respondent's objections because petitioner has failed to provide adequate records of the business purpose of the expenditures.[5]

Petitioner has failed to provide the Court with any adequate records or sufficient evidence to corroborate her own testimony, and respondent's determination on this issue is sustained.

Additions to Tax

Respondent bears the burden of production with respect to an addition to tax. Sec. 7491(c). To meet this burden, respondent must produce evidence sufficient to establish that it is appropriate to impose the addition to tax. Higbee v. Commissioner, 116 T.C. at 446-447.

---

[5]To the extent the travel, meal, and entertainment expenses were related to her classes for colorpuncture therapy, they are personal expenses. See sec. 1.262-1(b)(5), (9), Income Tax Regs.

Addition to Tax Under Section 6651(a)(1)

Petitioner agrees that she failed to file her Federal income tax return until she submitted one on August 11, 2008, which return respondent did not accept as filed.  Respondent has met his burden of production under section 7491(c) with respect to imposing the addition to tax under section 6651(a)(1).

It is petitioner's burden to prove that she had reasonable cause and lacked willful neglect in not filing the return timely.  See United States v. Boyle, 469 U.S. 241, 245 (1985); Higbee v. Commissioner, supra at 446; sec. 301.6651-1(a)(2), Proced. & Admin. Regs.  Because petitioner failed to offer any evidence of reasonable cause and lack of willful neglect for her failure to file timely, respondent's determination that she is liable for the addition to tax under section 6651(a)(1) is sustained.

Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax for failure to make timely and sufficient payments for estimated taxes.  In order for respondent to satisfy his burden of production under section 7491(c) he must produce evidence necessary to enable the Court to conclude that petitioner had an obligation to make an estimated tax payment.  See Wheeler v. Commissioner, 127 T.C. 200, 211 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).  Specifically, respondent must produce evidence showing that petitioner had a "required annual payment" as defined by section

6654(d)(1)(B) for the year at issue.  See <u>id.</u>

The section 6654 addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability.  Sec. 6654(c)(1).  Each required installment of estimated tax is equal to 25 percent of the "required annual payment."  Sec. 6654(d)(1)(A).

Under section 6654(d)(1)(B), "required annual payment" means the lesser of:

> (i) 90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for such year), or
>
> (ii) 100 percent of the tax shown on the return of the individual for the preceding taxable year.
>
> Clause (ii) shall not apply if the preceding taxable year was not a taxable year of 12 months or if the individual did not file a return for such preceding taxable year.

Petitioner failed to file a return for 2005.  The evidence is sufficient for the Court to make the analysis required by section 6654(d)(1)(B)(i).  Respondent introduced evidence showing that petitioner filed an untimely return for the preceding taxable year, i.e., 2004, and the amount of tax shown on that return was $1,026.

Petitioner for 2005 failed to pay either 90 percent of the tax due for 2005 or 100 percent of the tax due for 2004.

Accordingly, petitioner is liable for the addition to tax under section 6654(a) for 2005.

We have considered the other arguments of the parties, and they are either without merit or not necessary to address in view of our resolution of the issues in this case.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.