**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 9, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHN S. WILLIAMSON; NANCY L.
WILLIAMSON; GARRETT JAMES
WILLIAMSON; DAVID ANDREW
WILLIAMSON; JOHN GREGORY
WILLIAMSON; DEBORAH KRUHM,

Defendants-Appellants.

No. 07-2017
(D.C. No. CIV-04-885 BB/WDS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **MURPHY** and **HOLMES**, Circuit Judges.

The United States brought suit in federal court to reduce the federal income tax assessments of John S. and Nancy L. Williamson to judgment and to foreclose federal tax liens on two parcels of land owned either by John S. and Nancy L.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Williamson, by their sons, Garrett, David and John G., or by John S. Williamson's sister, Deborah Kruhm (collectively hereafter "the Williamsons").[1] The district court dismissed the Williamsons' counterclaims and entered partial summary judgment in favor of the United States on the unpaid assessments and liens against one of the parcels. After a two-day trial to the court in which the court determined that the Williamson sons held title to the real property as nominees of their parents, or, alternatively, that the property had been fraudulently conveyed, the court entered judgment foreclosing the liens on the other parcel. The district court also imposed sanctions against the Williamsons under Rule 11. The Williamsons filed a timely notice of appeal, and the United States has filed a motion for sanctions in this court to which the Williamsons have replied.

Our jurisdiction arises under 28 U.S.C. § 1291. We review the grant of summary judgment do novo, applying the same standard as that relied on by the district court. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1225 (10th Cir. 2000). Summary judgment is appropriate only if there are no genuine issues as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As for the findings at trial, we review the court's

---

[1] The Williamsons' sons, appellants John G. Williamson, David A. Williamson, and Garrett J. Williamson, along with John S. Williamson's sister, appellant Deborah Kruhm, were joined as defendants on the ground that they might claim an interest in the properties in issue.

findings of fact for clear error, Fed. R. Civ. P. 52(a), and its conclusions of law de novo, *Gledhill v. State Bank (In re Gledhill)*, 164 F.3d 1338, 1340 (10th Cir. 1999). We review the district court's imposition of Rule 11 sanctions for an abuse of discretion. *Masunaga v. Stoltenberg (In re Rex Montis Silver Co.)*, 87 F.3d 435, 439 (10th Cir. 1996).

After applying the above standards of review, we find no error in the decisions of the district court. We therefore affirm all of the various orders on appeal as well as the district court's judgment for substantially the reasons stated by that court.

The Williamsons' "Notice of Motion and Appellants' Motion for Preliminary Injunction" and all other outstanding "notices" and motions heretofore filed by the Williamsons are DENIED.

The United States moves for sanctions under 28 U.S.C. § 1912 and Rule 38 of the Federal Rules of Appellate Procedure, arguing that the instant appeal is frivolous. The Williamsons' response to the motion for sanctions simply rehashes the discredited arguments in their opening brief, including the assertions that they are not "subjects" of the federal government because New Mexico does not "belong" to the United States, that no statute at large creates specific liability for income taxes, that the income tax is unconstitutional, that the orders of the district court are invalid because they lack the seal of the court and the signature of the clerk, and that the case was never properly commenced.

The United States requests sanctions in the amount of $8,000, declaring under penalty of perjury that it expends an average of $11,000 in attorney salaries and other costs to defend a frivolous tax appeal. The United States further notes that a previous penalty of $1,500 did not deter the Williamsons from filing the present appeal. We agree that the instant action is a frivolous appeal deserving penalty and order the Williamsons, jointly and severally, to pay the lump sum of $8,000 to the United States.

We remind John S. Williamson and Nancy L. Williamson that the filing restrictions imposed by this court in *Williamson v. Sena*, No. 06-2103, 2007 WL 1219426, at *2 (10th Cir. April 26, 2007),[2] are still in effect and will be enforced.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[2] The filing restrictions were imposed after the Williamsons filed their notice of appeal in this case.