FILED
United States Court of Appeals
Tenth Circuit

**March 9, 2012**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JERRY P. MCNEIL,

      Petitioner-Appellant,

v.

COMMISSIONER OF THE
INTERNAL REVENUE SERVICE,

      Respondent-Appellee.

No. 11-9017
(No. 18300-10L)
(U.S. Tax Court)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

Jerry P. McNeil appeals the Tax Court's order authorizing the

Commissioner to collect income taxes from him. We have jurisdiction to review

the Tax Court's decision under 26 U.S.C. § 7482(a)(1). We affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

The following facts are undisputed. Mr. McNeil, a retired federal employee, received nondisability civil service pension distributions from the Civil Service Retirement System ("CSRS"), pursuant to an annuity granted in 1987 by the Merit Systems Protection Board ("MSPB"). He filed "non resident alien" tax returns with the Internal Revenue Service ("IRS") for tax years 2004 and 2005, asserting that he was a resident of the "country" of Oklahoma and a citizen or national of the "country" of Texas. R. Vol. II, Doc. 13, Ex. G at 1; *id.* Ex. L at 1. He also filed a "non resident alien" return for tax year 2006 in which he stated he was a resident of the United States of America, as that term "is used only in a geographical sense," and a citizen or national of the "country" of Texas. *Id.* Ex. U, at 1, 6. In each of those tax returns, Mr. McNeil reported income from his annuity, but claimed that he owed no taxes. For each of the tax years in question, the IRS sent a letter to Mr. McNeil advising him that his tax return was frivolous and that he risked penalties if he failed to file a corrected tax return. Mr. McNeil did not file any corrected tax returns, so for each tax year, the IRS assessed a frivolous-return penalty and issued a notice of deficiency for unpaid taxes, penalties, and interest. Mr. McNeil did not seek redetermination of the tax

deficiencies.[1]  Accordingly, the IRS assessed the tax deficiencies, penalties, and interest.

In November of 2009, the IRS issued notices of intent to levy.  Mr. McNeil filed a request for a Collection Due Process Hearing.  The Office of Appeals determined that the levies were appropriate.  Mr. McNeil then filed a petition with the Tax Court asserting that the annuity payments were not taxable.  The Tax Court granted summary judgment to the Commissioner, authorizing the Commissioner to "proceed with the proposed collection action (levy)."  R. Vol. II, Doc. 14 at 4.  The court denied the Commissioner's motion for immediate levy; the Commissioner does not challenge that ruling.  Mr. McNeil appeals the judgment.

**Analysis**

"We review decisions of the Tax Court in the same manner and to the same extent as decisions of the district courts tried without a jury.  Because the parties do not dispute the facts, we have before us a purely legal question.  Thus, we review the Tax Court's grant of summary judgment de novo."  *Salman Ranch, Ltd. v. Comm'r*, 647 F.3d 929, 936 (10th Cir.) (citations omitted) (internal

---

[1]      On July 16, 2008, relative to his 2005 tax return, Mr. McNeil filed a "Notice of <u>Non-Appearance</u> and Notice of a Clear Absence of All Federal Jurisdictions and Notice of a Known Legal Duty Owed to the Undersigned by this Court."  R. Vol. II Doc. 13, Ex. R.  The Tax Court dismissed the proceeding for lack of jurisdiction because Mr. McNeil did not pay the filing fee or file an amended petition.  *Id.* Ex. S.

-3-

quotation marks and ellipsis omitted), *petition for cert. filed* 80 U.S.L.W. 3322 (Nov. 7, 2011) (No. 11-582).

On appeal, Mr. McNeil makes two general arguments: (1) his annuity income is not taxable, and (2) the Commissioner is not authorized to pursue tax-collection procedures against him. He does not dispute the amount of taxes, penalties, and interest allegedly due.

We start with Mr. McNeil's challenge to the Commissioner's assessment of income taxes on his annuity income. He asserts that his annuity income is not subject to income taxes for the following reasons: (1) the MSPB awarded him private title to his annuity; (2) his annuity is property protected by various constitutional provisions and is not subject to redetermination by any court; and (3) by statute, the Commissioner may not tax his annuity.

As for the first two arguments, the Commissioner does not dispute Mr. McNeil's claim of entitlement to, and ownership of, his retirement annuity. The issue is whether that income is subject to income taxes.

Mr. McNeil relies on 5 U.S.C. § 8346(a) for the proposition that civil service retirement income, such as his annuity, is not "subject to execution, levy, attachment, garnishment, or other legal process." § 8346(a) (1966). But § 8346(a) was amended in 1975, adding language that limits the prohibition on execution, levy, etc. "except as otherwise may be provided by Federal laws."

§ 8346(a).[2]  Other "Federal laws" provide for the assessment of income taxes on federal annuity income.  Pursuant to 26 U.S.C. § 63(a), taxable income is gross income less allowable deductions.  "Gross income" includes income from annuities and pensions.  *Id.* §§ 61(a)(9) & (11).  Although certain property, including specified annuity and pension payments, is exempt from levy, *id.* § 6334(a)(6), CSRS annuity payments are not specified as exempt, *see id.*  Because CSRS annuity payments are not specifically listed in § 6334(a)(6), they are not exempt from levy.  *Id.* § 6334(c) ("no property or rights to property shall be exempt from levy other than the property specifically made exempt by [§ 6334(a)]").

Furthermore, the Commissioner is empowered to collect taxes by levy on property if the "person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand."  *Id.* § 6331(a).  The language of § 6331(a) "reveals on its face that Congress meant to reach every interest in property that a taxpayer might have."  *United States v. Nat'l Bank of Comm.*, 472 U.S. 713, 719-20 (1985).

We turn to Mr. McNeil's claim that the Commissioner is foreclosed from pursuing tax-collection procedures.  Mr. McNeil contends (1) a 2002 default against the Secretary of the Treasury concerning contempt of a federal subpoena

---

[2]      The statute was further amended in 1978, but that amendment is not relevant here.

bars all federal income-tax collections "by estoppel for want of statutory authority," Aplt. Opening Br. at 9; (2) the 2002 default is res judicata, thus establishing that the Commissioner has no authority to collect income taxes; (3) the courts are not empowered to assist in the collection of income taxes; (4) payment of income taxes is voluntary and he did not confess that he owed any taxes; (5) the tax code "has not been enacted into 'positive law,'" *id.* at 14; and (6) there is no statutory authority for the imposition of income taxes or penalties.

Mr. McNeil's claim that the Secretary of the Treasury committed some sort of a default in 2002 is based on a case filed in this court under docket number 07-2017, captioned *United States v. Williamson*. Mr. McNeil was not a party to that case, yet he claims that the case is relevant to his claims and, further, that the *Williamson* holding has a res judicata effect in this case. In *Williamson*, this court affirmed the district court's judgment foreclosing federal tax liens and awarded sanctions against the taxpayers for filing a frivolous appeal. 244 F. App'x 900, 901-02 (10th Cir. 2007). *Williamson* provides no authority whatsoever for Mr. McNeil's claim that the Commissioner is without authority to collect income taxes.

Similarly unavailing are Mr. McNeil's contentions that payment of income taxes is voluntary, the tax code has not been enacted into "positive law," and there is no statutory authority for the imposition of income taxes or penalties. These tax-protester arguments have long been held to be frivolous. *See Lonsdale*

*v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (holding "completely lacking in legal merit and patently frivolous" tax-protester arguments including "the income tax is voluntary; . . . no statutory authority exists for imposing an income tax on individuals; [and] individuals are not required to file tax returns fully reporting their income"). Also frivolous is Mr. McNeil's claim that the courts are not empowered to enforce the tax laws. *See* 26 U.S.C. § 7482(c); *Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2008) (holding court of appeals has discretion to award damages, a frivolous-appeal penalty, and costs against taxpayer).

Finally, we address Mr. McNeil's motion to strike appellee's response brief for fraud on the court. Rather than identify any fraud on the court, however, the motion disputes the Commissioner's appellate arguments. Therefore, we deny the motion to strike, but we have construed the document as a reply brief and have considered the arguments presented.

## Conclusion

Mr. McNeil's motion to strike is DENIED. The judgment of the Tax Court is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge
